## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELICIA TAYLOR, Individually, and as legal guardian for minor children, D.B. and T.B** : | |
| : | |
| **Plaintiffs,** : | **Case No: 1:08-cv-00578** |
| : | |
| **V.** : | **Judge: Henry H. Kennedy** |
| : | **Assign. Date: 4/3/2008** |
| : | **Description: Civil Rights-Non** |
| : | **Employment** |
| : | |
| **DISTRICT OF COLUMBIA, et al.** : | |
| : | |
| **Defendants** : | |

## DEFENDANT'S DISTRICT OF COLUMBIA, OLIVIA GOLDEN, AND LLOYD J. JORDON ANSWER TO THE AMENDED COMPLAINT

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### JURISDICTION AND VENUE

The District responds to the numbered paragraphs in like-numbered paragraphs as follows:

1.      Defendant admits the allegations contained in paragraph 1 of the complaint.

2.      Defendant acknowledges the rule of law cited in paragraph 2 of the Amended Complaint, but denies that proper jurisdiction is necessarily conferred there from.

**PLAINTIFFS**

3.     Defendant admits the allegations contained in paragraph 3 of the complaint.

4.     Defendant admits the allegations contained in paragraph 4 of the complaint.

5.     Defendant admits the allegations contained in paragraph 5 of the complaint.

**DEFENDANTS**

6.     Defendant admits that the District of Columbia is a municipal corporation. The remaining allegations set forth in paragraph number 6 of the Amended Complaint are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required defendant Hall denies the allegations and demands strict proof at trial.

7.     Defendant admits that the Defendant Golden was a Director and decision maker of CFSA.  The remaining allegations set forth in paragraph number 7 of the Amended Complaint are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required defendant Hall denies the allegations and demands strict proof at trial.

8.     Defendant admits that the Defendant Jordon was a Director and decision maker of DCRA.  The remaining allegations set forth in paragraph number 9 of the Amended Complaint are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required defendant denies the allegations and demands strict proof at trial.

9.      Defendant admits that the Defendant Sanders was a social worker at CFSA.  The remaining allegations set forth in paragraph number 9 of the Amended Complaint are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required defendant denies the allegations and demands strict proof at trial.

10.      Defendants are without sufficient information to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations in this paragraph are denied.

11.      Defendants are without sufficient information to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations in this paragraph are denied.

12.      Defendants are without sufficient information to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations in this paragraph are denied.

13.      Defendant admits that the Defendant Milloy was a social care provider for the plaintiffs D.B. and T.B..  The remaining allegations set forth in paragraph number 13 of the Amended Complaint are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required, defendant denies the allegations and demands strict proof at trial.


**FACTUAL BACKGROUND**


14.      Defendant admits the allegations contained in paragraph 14 of the complaint.

15.     Defendant admits the allegations contained in paragraph 15 of the complaint.

16.     Defendant admits that Plaintiff D.B. and T.B. were initially placed in the care Defendant Milloy.  The remaining allegations set forth in paragraph number 16 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

17.     The allegations contained in paragraph 17 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

18.      Defendants are without sufficient information to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations in this paragraph are denied.

19.     Defendant admits that the Defendant Golden maintained full decision making authority. The remaining allegations set forth in paragraph number 19 of the Amended Complaint are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

20.     Defendants are without sufficient information to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations in this paragraph are denied.

21.     The allegations contained in paragraph 21 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

22.     The allegations contained in paragraph 22 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

23.     The allegations contained in paragraph 23 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

24.     The allegations contained in paragraph 24 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

25.     The allegations contained in paragraph 25 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required defendant denies the allegations and demands strict proof at trial.

26.     Defendant admits the allegations contained in paragraph 26 of the complaint.

27.     Defendant admits the allegations contained in paragraph 27 of the complaint.

28.     The allegations contained in paragraph 28 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

29.      Defendants are without sufficient information to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations in this paragraph are denied.

30.     The allegations contained in paragraph 30of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required defendant denies the allegations and demands strict proof at trial.

31.     The allegations contained in paragraph 31 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

32.     The allegations contained in paragraph 32 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

33.     The allegations contained in paragraph 33 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required defendant denies the allegations and demands strict proof at trial.

34.     The allegations contained in paragraph 34 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

35.     The allegations contained in paragraph 35 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

36.     The allegations contained in paragraph 36 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

37.     Defendant admits the allegations contained in paragraph 37 of the complaint.

38.    Defendant denies the allegations contained in paragraph 38 of the complaint.

39.    Defendant denies the allegations contained in paragraph 39 of the complaint.

40.    Defendant denies the allegations contained in paragraph 40 of the complaint.

41.    The allegations contained in paragraph 41 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

42.    The allegations contained in paragraph 42 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

43.    The allegations contained in paragraph 43 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

44.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

45.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

46.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

47.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

48.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

49.    The allegations contained in paragraph 49 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

50.    The allegations contained in paragraph 50 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

51.    The allegations contained in paragraph 51 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

52.    Defendant denies the allegations contained in paragraph 52 of the complaint.

53.    Defendant denies the allegations contained in paragraph 53 of the complaint.

54.    Defendant denies the allegations contained in paragraph 54 of the complaint.

55.    Defendant denies the allegations contained in paragraph 55 of the complaint.

56.    Defendant denies the allegations contained in paragraph 56 of the complaint.

57    Defendant denies the allegations contained in paragraph 57 of the complaint.

58.    Defendant denies the allegations contained in paragraph 58 of the complaint.

59.    The allegations contained in paragraph 59 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

60.    Defendant acknowledges the case law cited in this paragraph.  The remaining allegations contained within paragraph 60  of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

61.    Defendant acknowledges the rule of law cited in paragraph 61 of the Amended Complaint, but denies that liability is necessarily conferred there from. The remaining allegations contained within paragraph 61 are the legal conclusions of the pleader to which no response is required by the defendant.

62.    The allegations contained in paragraph 62 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

63.    The allegations contained in paragraph 63 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

64.    Defendant acknowledges the statutory authority cited in paragraph 64 of the Amended Complaint, but denies that liability is necessarily conferred there from. The remaining allegations contained within paragraph 64 are the legal conclusions of the pleader to which no response is required by the defendant.

65.     Defendant acknowledges the statutory authority cited in paragraph 65 of the Amended Complaint, but denies that liability is necessarily conferred there from. The remaining allegations contained within paragraph 61 are the legal conclusions of the pleader to which no response is required by the defendant.

66.     Defendant acknowledges the statutory authority cited in paragraph 66 of the Amended Complaint, but denies that liability is necessarily conferred there from. The remaining allegations contained within paragraph 66 are the legal conclusions of the pleader to which no response is required by the defendant.

67.     Defendant acknowledges the statutory authority cited in paragraph 67 of the Amended Complaint, but denies that liability is necessarily conferred there from. The remaining allegations contained within paragraph 67 are the legal conclusions of the pleader to which no response is required by the defendant.

68.     Defendant acknowledges the statutory authority cited in paragraph 68 of the Amended Complaint, but denies that liability is necessarily conferred there from. The remaining allegations contained within paragraph 68 are the legal conclusions of the pleader to which no response is required by the defendant.

69.     The allegations contained in paragraph 69 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required defendant denies the allegations and demands strict proof at trial.

70.     The allegations contained in paragraph 70 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

71.    The allegations contained in paragraph 71 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

72.    The allegations contained in paragraph 72 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

## COUNT I

### Negligence

73.    Defendant re-alleges and incorporates herein by reference its answers to Paragraphs 1-72 above.

74.    The allegations contained in paragraph 74 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

75.    The allegations contained in paragraph 75 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

76.    Defendant denies the allegations contained in paragraph 76 of the complaint.

77.    Defendant denies the allegations contained in paragraph 77 of the complaint.

78.    Defendant denies the allegations contained in paragraph 78 of the complaint.

79.    Defendant denies the allegations contained in paragraph 79 of the complaint.

80.    Defendant denies the allegations contained in paragraph 80 of the complaint.

81.    Defendant denies the allegations contained in paragraph 81 of the complaint.

82.    Defendant denies the allegations contained in paragraph 82 of the complaint.

83.    Defendant denies the allegations contained in paragraph 83 of the complaint.

84.    Defendant denies the allegations contained in paragraph 84 of the complaint.

85.    Defendant denies the allegations contained in paragraph 85 of the complaint.

## COUNT II

86.    Defendant re-alleges and incorporates herein by reference its above answers to each and every allegation set forth in the plaintiff's amended complaint.

87.    The allegations contained in paragraph 87 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required defendant denies the allegations and demands strict proof at trial.

88.     The allegations contained in paragraph 88 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required defendant denies the allegations and demands strict proof at trial.

89.     The allegations contained in paragraph 87 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required defendant denies the allegations and demands strict proof at trial.

90.     Defendant denies the allegations contained in paragraph 90 of the complaint.

91.     Defendant denies the allegations contained in paragraph 91 of the complaint.

92.     Defendant denies the allegations contained in paragraph 92 of the complaint.

93.     Defendant denies the allegations contained in paragraph 93 of the complaint.

94.     Defendant denies the allegations contained in paragraph 94 of the complaint.

95.     Defendant denies the allegations contained in paragraph 95 of the complaint.

96.     Defendant denies the allegations contained in paragraph 96 of the complaint.

97.     Defendant denies the allegations contained in paragraph 97 of the complaint.

98.     Defendant denies the allegations contained in paragraph 98 of the

complaint.

99.    Defendant denies the allegations contained in paragraph 99 of the complaint.

100.    The allegations contained in paragraph 100 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

101.    The allegations contained in paragraph 101 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial

102.    The allegations contained in paragraph 102 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial

103.    The allegations contained in paragraph 103 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial

## COUNT III

### Breach of Implied Warranty of Habitability

104.    Defendant re-alleges and incorporates herein by reference its above answers to each and every allegation set forth in the plaintiff's amended complaint.

105.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

106.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

107.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

108.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

109.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

110.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

111.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

112.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

113.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

114.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

114.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

115.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

116.    Defendants are without sufficient information to admit or deny the allegations in this paragraph.

## COUNT IV

### 42 U.S.C. § 1983 Deprivation of Fifth Amendment Rights
### Life, Safety, and Personal Security
### (Defendants D.C., Golden, Jordan, and Sanders)

117.    Defendant re-alleges and incorporates herein by reference its above answers to each and every allegation set forth in the plaintiff's amended complaint.

118.    Defendant acknowledges the statutory authority cited in paragraph 118 of the Amended Complaint, but denies that liability is necessarily conferred there from. The remaining allegations contained within paragraph 118 are the legal conclusions of the pleader to which no response is required by the defendant. To the extent a response is required defendant denies the allegations and demands strict proof at trial.

119.    The allegations contained in paragraph 119 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

120.    The allegations contained in paragraph 120 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

121.    The allegations contained in paragraph 121 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

122.    The allegations contained in paragraph 122 of the complaint are

conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required defendant denies the allegations and demands strict proof at trial.

123.    Defendant admits the allegations contained in paragraph 123 of the complaint.

124.    The allegations contained in paragraph 124 of the complaint are conclusions of law and/or of the pleader to which no response is required..

125.    The allegations contained in paragraph 125 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required defendant denies the allegations and demands strict proof at trial.

126.    Defendant denies the allegations contained in paragraph 126 of the complaint.

127.    Defendant denies the allegations contained in paragraph 127 of the complaint.

128.    Defendant denies the allegations contained in paragraph 128 of the complaint.

129.    The allegations contained in paragraph 129 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

130.    Defendant denies the allegations contained in paragraph 130 of the complaint.

## COUNT V

**Civil Rights Violation under 42 U.S.C. § 1983 -
Deliberate Indifference to Social Worker Training, Supervision and Retaining**

**(Defendants D.C., and Golden)**

131.    Defendant re-alleges and incorporates herein by reference its above answers to each and every allegation set forth in the plaintiff's amended complaint.

132.    Defendant acknowledges the statutory authority cited in paragraph 132 of the Amended Complaint, but denies that liability is necessarily conferred there from. The remaining allegations contained within paragraph 132 are the legal conclusions of the pleader to which no response is required by the defendant. To the extent a response is required defendant denies the allegations and demands strict proof at trial.

133.    Defendant denies the allegations contained in paragraph 133 of the complaint.

134.    Defendant denies the allegations contained in paragraph 134 of the complaint.

135.    Defendant denies the allegations contained in paragraph 135 of the complaint.

136.    Defendant denies the allegations contained in paragraph 136 of the complaint.

137.    Defendant denies the allegations contained in paragraph 137 of the complaint.

138.    Defendant denies the allegations contained in paragraph 138 of the complaint.

139.    The allegations contained in paragraph 139 of the complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

140.    Defendant denies the allegations contained in paragraph 140 of the

complaint.

## COUNT VI

**Punitive Damages**
**(Defendants Golden, Jordan, Sanders, Earl Charlton, L.L. Charlton, Thomas D. Walsh, Inc., and Milloy)**

141.    Defendant re-alleges and incorporates herein by reference its above answers to each and every allegation set forth in the plaintiff's amended complaint

142.    Defendant denies the allegations contained in paragraph 142 of the complaint.

143.    Defendant denies the allegations contained in paragraph 143 of the complaint.

144.    Defendant denies the allegations contained in paragraph 144 of the complaint.

145.    Defendant denies the allegations contained in paragraph 145 of the complaint.

WHEREFORE, the Defendant prays that this action be dismissed with prejudice against them and that they be awarded costs and attorneys fees as well as any other relief this Court deems appropriate.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General, for the,
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

  /s/Toni Michelle Jackson
TONI MICHELLE JACKSON (453765)
Acting Chief, Civil Litigation Division
441 Fourth Street, N.W., Suite 6S014
Washington, D.C. 20001
(202) 724-6602


        /s/Ronald W. Gill, Esq.
RONALD W. GILL, ESQ.(975414)
Assistant Attorney General
Civil Litigation Division, Section III
441 4th Street N.W., 6th floor South
Washington, D.C. 20001
Direct Line: (202) 741-0760
E-mail: ronaldw.gill@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of  defendant's answer to the Amended

Complaint was mailed, postage prepaid, this 14TH day of May , 2008

To:

Marshall W. Taylor, Esq. (454615:
Antoinette N. Moore, Esq. (974932:
Taylor & Sylla & Agin, LLP.
The Commercial National Bank Building
1420 New York Avenue, NW
Suite 810
Washington, DC 20005

　　　　/s/Ronald W. Gill　　　　　
RONALD W. GILL, ESQ. (975414)
Assistant Attorney General