UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

FELICIA TAYLOR, Individually, and as     :
legal guardian for minor children, D.B.     :
and T.B                                                       :
                                                                    :
                                      Plaintiffs,              :          Case No: 1:08-cv-00578 (HHK)
                                                                    :
                        V.                                        :
                                                                    :
DISTRICT OF COLUMBIA, et al.               :
                                                                    :
                                      Defendants           :
_____:

DEFENDANTS DISTRICT OF COLUMBIA, OLIVIA GOLDEN, LLOYD J. JORDON AND
ELEANOR SANDERS' ANSWER TO THE AMENDED COMPLAINT AND CROSS-CLAIM
AGAINST CO-DEFENDANTS

Defendants District of Columbia (District), Olivia Golden, Lloyd J. Jordon and Eleanor
Sanders ("Defendants"), by and through undersigned counsel, hereby answer the Amended
Complaint in the above-captioned matter. The Defendants assert that anything not specifically
admitted herein is denied, and answer the Amended Complaint as follows:

FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

JURISDICTION AND VENUE

The District and Defendants Sanders, Jordan and Golden respond to the numbered
paragraphs in like-numbered paragraphs as follows:

1.      Defendants admit the allegations contained in paragraph 1 of the Amended Complaint.

2.      Defendants acknowledge the rule of law cited in paragraph 2 of the Amended Complaint, but deny that proper jurisdiction is necessarily conferred therefrom.

<u>PLAINTIFFS</u>

3.      Defendants admit the allegations contained in paragraph 3 of the Amended Complaint.

4.      Defendants admit the allegations contained in paragraph 4 of the Amended Complaint.

5.      Defendants admit the allegations contained in paragraph 5 of the Amended Complaint.

<u>DEFENDANTS</u>

6.      Defendants admit that the District of Columbia is a municipal corporation. The remaining allegations set forth in paragraph 6 of the Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

7.      Defendants admit that Defendant Golden was a Director with the Child and Family Services Agency (hereinafter "CFSA").  The remaining allegations set forth in paragraph 7 of the Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

8.      Defendants admit that Defendant Jordon was a Director of the District of Columbia Regulatory Authority (hereinafter "DCRA").  The remaining allegations set forth in

paragraph 8 of the Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required,  Defendants deny the allegations and demand strict proof at trial.

9.    Defendants admit that Defendant Sanders was a social worker at CFSA.  The remaining allegations set forth in paragraph 9 of the Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

10.    Defendants are without sufficient information to admit or deny the allegations in paragraph 10. To the extent a response is required, they are denied.

11.    Defendants are without sufficient information to admit or deny the allegations in paragraph 11. To the extent a response is required, the allegations are denied.

12.    Defendants are without sufficient information to admit or deny the allegations in paragraph 12. To the extent a response is required, the allegations are denied.

13.    Defendants admit that the Defendant Milloy was a social care provider for plaintiffs D.B. and T.B. The remaining allegations set forth in paragraph number 13 of the Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

<u>FACTUAL BACKGROUND</u>

14.    Defendants admit the allegations contained in paragraph 14 of the Amended Complaint.

15.    Defendants admit the allegations contained in paragraph 15 of the Amended Complaint.

16.    Defendants admit that Plaintiff D.B. and T.B. were initially placed in the care Defendants Milloy.  The remaining allegations set forth in paragraph number 16 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

17.    The allegations contained in paragraph 17 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

18.    Defendants are without sufficient information to admit or deny the allegations in paragraph 18. To the extent a response is required, they are denied.

19.    The allegations contained in paragraph 19 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

20.    Defendants are without sufficient information to admit or deny the allegations in paragraph 20. To the extent a response is required, the allegations are denied.

21.    The allegations contained in paragraph 21 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. Further, the document speaks for itself. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

22.    The allegations contained in paragraph 22 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

23.    The allegations contained in paragraph 23 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

24.     The allegations contained in paragraph 24 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

25.     The allegations contained in paragraph 25 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

26.     Defendants admits the allegations contained in paragraph 26 of the Amended Complaint.

27.     Defendants admit the allegations contained in paragraph 27 of the Amended Complaint.

28.     The allegations contained in paragraph 28 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

29.      Defendants are without sufficient information to admit or deny the allegations in paragraph 29. To the extent a response is required, the allegations are denied.

30.     The allegations contained in paragraph 30 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

31.     The allegations contained in paragraph 31 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

32.     The allegations contained in paragraph 32 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

33.     The allegations contained in paragraph 33 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

34.     The allegations contained in paragraph 34 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

35.     The allegations contained in paragraph 35 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

36.     The allegations contained in paragraph 36 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

37.     The allegations contained in paragraph 37 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

38.     The allegations contained in paragraph 38 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

39.    The allegations contained in paragraph 39 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

40.    The allegations contained in paragraph 40 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

41.    The allegations contained in paragraph 41 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

42.    The allegations contained in paragraph 42 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

43.    The allegations contained in paragraph 43 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

44.    Defendants are without sufficient information to admit or deny the allegations in paragraph 44.

45.    Defendants are without sufficient information to admit or deny the allegations in paragraph 45.

46.    Defendants are without sufficient information to admit or deny the allegations in paragraph 46.

47.    Defendants are without sufficient information to admit or deny the allegations in paragraph 47.

48.     Defendants are without sufficient information to admit or deny the allegations in paragraph 48.

49.     The allegations contained in paragraph 49 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.   To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

50.     The allegations contained in paragraph 50 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.   To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

51.     The allegations contained in paragraph 51 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.   To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

52.     The allegations contained in paragraph 52 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.   To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

53.     The allegations contained in paragraph 53 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.   To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

54.     The allegations contained in paragraph 54 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.   To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

55.     The allegations contained in paragraph 55 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.   To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

56.    The allegations contained in paragraph 56 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

57.    The allegations contained in paragraph 57 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

58.    The allegations contained in paragraph 58 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

59.    The allegations contained in paragraph 59 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

60.    Defendants acknowledge the case law cited in paragraph 60.  The remaining allegations are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

61.    The allegations contained in paragraph 61 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

62.    The allegations contained in paragraph 62 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

63. The allegations contained in paragraph 63 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

64. Defendants acknowledge the statutory authority cited in paragraph 64 of the Amended Complaint, but deny that liability is necessarily conferred therefrom. The remaining allegations are the legal conclusions of the pleader to which no response is required.

65. Defendants acknowledge the statutory authority cited in paragraph 65 of the Amended Complaint, but deny that liability is necessarily conferred there from. The remaining allegations are the legal conclusions of the pleader to which no response is required.

66. Defendants acknowledge the statutory authority cited in paragraph 66 of the Amended Complaint, but deny that liability is necessarily conferred there from. The remaining allegations are the legal conclusions of the pleader to which no response is required.

67. Defendants acknowledge the statutory authority cited in paragraph 67 of the Amended Complaint, but deny that liability is necessarily conferred there from. The remaining allegations are the legal conclusions of the pleader to which no response is required.

68. Defendants acknowledge the statutory authority cited in paragraph 68 of the Amended Complaint, but deny that liability is necessarily conferred there from. The remaining allegations are the legal conclusions of the pleader to which no response is required.

69. The allegations contained in paragraph 69 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

70. Defendants are without sufficient information to admit or deny the allegations in paragraph 70. To the extent a response is required, the allegations in paragraph are denied.

71.    Defendants are without sufficient information to admit or deny the allegations in paragraph 71. To the extent a response is required, the allegations are denied.

72.    Defendants are without sufficient information to admit or deny the allegations in paragraph 72. To the extent a response is required, the allegations are denied.

<u>COUNT I</u>

Negligence

(Defendants Golden, Jordan and Sanders)

73.    Defendants re-allege and incorporate herein by reference its answers to Paragraphs 1-72 as stated above.

74.    The allegations contained in paragraph 74 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

75.    The allegations contained in paragraph 75 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

76.    The allegations contained in paragraph 76 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

77.    The allegations contained in paragraph 77 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

78.     The allegations contained in paragraph 78 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

79.     The allegations contained in paragraph 79 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

80.     The allegations contained in paragraph 80 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

81.     The allegations contained in paragraph 81 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

82.     The allegations contained in paragraph 82 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

83.     The allegations contained in paragraph 83 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

84.     The allegations contained in paragraph 84 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

85.    The allegations contained in paragraph 85 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

## COUNT II

### Gross Negligence
(Defendants Golden, Jordan, and Sanders)

86.    Defendants re-allege and incorporate herein by reference its answers to Paragraphs 1-85 as stated above.

87.    The allegations contained in paragraph 87 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

88.    The allegations contained in paragraph 88 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required Defendants deny the allegations and demand strict proof at trial.

89.    The allegations contained in paragraph 89 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

90.    The allegations contained in paragraph 90 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required Defendants deny the allegations and demand strict proof at trial.

91.    The allegations contained in paragraph 91 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

92.     The allegations contained in paragraph 92 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

93.     The allegations contained in paragraph 93 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

94.     The allegations contained in paragraph 94 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

95.     The allegations contained in paragraph 95 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

96.     The allegations contained in paragraph 96 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

97.     The allegations contained in paragraph 97 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required Defendants deny the allegations and demand strict proof at trial.

98.     The allegations contained in paragraph 98 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

99.     The allegations contained in paragraph 99 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

100.     The allegations contained in paragraph 100 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

101.     The allegations contained in paragraph 101 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

102.     The allegations contained in paragraph 102 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

103.     The allegations contained in paragraph 103 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

## COUNT III

Breach of Implied Warranty of Habitability
(Defendants Earl Charlton, L.L. Charlton, and Thomas D. Walsh, Inc.)

104.     Defendants re-allege and incorporate herein by reference its answers to Paragraphs 1-103 as stated above.  Paragraphs 105- 116 require no response.

## COUNT IV

42 U.S.C. § 1983 Deprivation of Fifth Amendment Rights
Life, Safety, and Personal Security
(Defendants D.C., Golden, Jordan, and Sanders)

117.    Defendants re-allege and incorporate herein by reference its answers to paragraphs 1-116 as stated above.

118.    Defendants acknowledge the statutory authority cited in paragraph 118 of the Amended Complaint, but deny that liability is necessarily conferred therefrom. The remaining allegations contained within paragraph 118 are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

119.    The allegations contained in paragraph 119 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

120.    The allegations contained in paragraph 120 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

121.    The allegations contained in paragraph 121 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

122.    The allegations contained in paragraph 122 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

123.    Defendants admit the allegations contained in paragraph 123 of the Amended Complaint.

124.    The allegations contained in paragraph 124 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

125.    The allegations contained in paragraph 125 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

126.    The allegations contained in paragraph 126 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

127.    The allegations contained in paragraph 127 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

128.    The allegations contained in paragraph 128 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

129.    The allegations contained in paragraph 129 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

130.    The allegations contained in paragraph 129 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

<u>COUNT V</u>

Civil Rights Violation under 42 U.S.C. § 1983 -
Deliberate Indifference to Social Worker Training, Supervision and Retaining

(Defendants D.C. and Golden)

131.    Defendants re-allege and incorporate herein by reference its above answers to paragraphs 1-130, as stated above.

132.    Defendants acknowledge the statutory authority cited in paragraph 132 of the Amended Complaint, but deny that liability is necessarily conferred therefrom. The remaining allegations are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

133.    The allegations contained in paragraph 133 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

134.    The allegations contained in paragraph 134 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

135.    The allegations contained in paragraph 135 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

136.    The allegations contained in paragraph 136 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

137.    The allegations contained in paragraph 137 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

138.    The allegations contained in paragraph 138 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

139.    The allegations contained in paragraph 139 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

140.    The allegations contained in paragraph 140 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

<u>COUNT VI</u>

Punitive Damages
(Defendants Golden, Jordan, and Sanders)

141.    Defendants re-allege and incorporate herein by reference its answers to Paragraphs 1-140, as stated above.

142.    The allegations contained in paragraph 142 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

143.    The allegations contained in paragraph 143 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

144.    The allegations contained in paragraph 144 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

145.    The allegations contained in paragraph 145 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

146.    The allegations contained in paragraph 146 of the Amended Complaint are conclusions of law and/or of the pleader to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

<u>THIRD DEFENSE</u>

Plaintiffs have failed to exhaust their administrative remedies.

<u>FOURTH DEFENSE</u>

If Plaintiffs were injured and damaged as alleged in the Amended Complaint, said injuries and damages were the result of the act or acts of a person or persons other than these Defendants, or the District of Columbia's agents, servants and employees acting within the course and scope of their employment.

<u>FIFTH DEFENSE</u>

Plaintiffs unreasonably failed to take advantage of the reasonable preventive and corrective opportunities provided by Defendants.

<u>SIXTH DEFENSE</u>

Plaintiffs may have failed to comply with the mandatory notice requirements of D.C. Code §12-309 (1981 ed.).

## SEVENTH DEFENSE

Plaintiffs' claims may be barred by the applicable statutes of limitation.

## EIGHTH DEFENSE

The actions taken toward the plaintiffs by the Defendants, and/or the employees and/or agents of the District of Columbia acting within the scope of their employment, were only such actions as were reasonable, lawful, and/or necessary under the circumstances.

## NINTH DEFENSE

Any actions taken by Defendants with respect to plaintiffS were for good cause and were based on reasonable factors.

## TENTH DEFENSE

Plaintiffs may have failed to mitigate any damages they may have incurred.

## TENTH DEFENSE

Acts or omissions of Defendants, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

## ELEVENTH DEFENSE

Defendants reserve the right to rely on any other defenses which may become available through further investigation or discovery, as well as the right to delete any defenses previously raised herein, or to amend any responses to demonstrated that there is no such basis for said defense or response to such allegations.

<u>TWELFTH DEFENSE</u>

Acts or omissions of Defendants, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of Sovereign Immunity.

<u>THIRTEENTH DEFENSE</u>

Defendants may be immune from liability under the Public Duty Doctrine.

<u>FOURTEENTH DEFENSE</u>

If plaintiffs were injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a person or persons other than Defendants, their agents, employees or servants acting within the scope of employment.

**THE DEFENDANTS'** reserve the right to amend their Answer.

<u>SET-OFF</u>

Defendant District of Columbia asserts a set-off for all funds and services provided to plaintiffs through Medicaid, public assistance, or other sources.

<u>REQUEST AND DEMAND FOR JURY TRIAL</u>

The Defendants, by and through its counsel, respectfully requests a jury trial in this matter.

WHEREFORE, the Defendants pray for a judgment dismissing the Amended Complaint with prejudice and awarding the costs and disbursements of this action, together with attorneys' fees, and such additional relief as this court may deem just and proper.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General, for the,
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

  /s/Toni Michelle Jackson
TONI MICHELLE JACKSON (453765)
Acting Chief, Civil Litigation Section III

      /s/Ronald W. Gill, Esq.
RONALD W. GILL, ESQ.(975414)
Assistant Attorney General
Civil Litigation Division, Section III
441 4th Street N.W., 6th floor South
Washington, D.C. 20001
Direct Line: (202) 741-0760
E-mail: ronaldw.gill@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

FELICIA TAYLOR, Individually, and as          :
legal guardian for minor children, D.B.        :
and T.B                                                       :
                                                                   :
                                    Plaintiffs,           :          Case No: 1:08-cv-00578 (HHK)
                                                                   :
                      V.                                       :
                                                                   :
DISTRICT OF COLUMBIA, et al.                    :
                                                                   :
                                    Defendants          :
_____  :


DEFENDANTS DISTRICT OF COLUMBIA, OLIVIA GOLDEN, LLOYD J. JORDON AND
ELEANOR SANDERS' CROSS-CLAIM AGAINST DEFENDANTS EARL CHARLTON,
L.L. CHARLTON, THOMAS D. WALSH, AND ANNIE MILLOY

1.      Defendants District of Columbia Olivia Golden, Lloyd J. Jordon and Eleanor

Sanders, file this cross-claim against the co-Defendants named in the Amended Complaint,

alleging that:

2.      This cross-claim arises out of the occurrence which is the subject matter of the

plaintiff's Amended Complaint.  The plaintiffs filed a lawsuit seeking damages for the injuries

allegedly sustained by the minor plaintiffs. The plaintiffs' Amended Complaint alleges that all of

the Co-Defendants are liable to the plaintiff.

3.      If plaintiffs were injured and/or damaged as alleged in the Amended Complaint,

such injuries and/or damages were not caused by any intentional or negligent act, error or

omission by the Defendants/cross-claimant District of Columbia, its employees, agents and

servants acting within the scope of their employment, but by the intentional or negligent acts,

errors, or omissions of the cross-Defendants Earl Charlton, L.L. Charlton, Thomas D. Walsh and

Annie Milloy, who caused, helped, or contributed to bring about the incident and injuries and/or damages alleged in plaintiffs' Amended Complaint.

4.    If Defendants/cross-claimant District of Columbia, its employees, agents and servants acting within the scope of their employment are liable to plaintiffs, cross-Defendants Earl Charlton, L.L. Charlton, Thomas D. Walsh and Annie Milloy must indemnify and contribute to any judgment plaintiffs may recover against Defendants/cross-claimant District of Columbia.

WHEREFORE, in the event the plaintiffs obtains a verdict against the District of Columbia, the Defendants and the District of Columbia demand judgment and contribution and/or indemnity from cross-Defendants Earl Charlton, L.L. Charlton, Thomas D. Walsh and Annie Milloy, with respect to the entire or a proportionate amount of any such verdict.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General, for the,
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

  /s/Toni Michelle Jackson
TONI MICHELLE JACKSON (453765)
Acting Chief, Civil Litigation Section III

      /s/Ronald W. Gill, Esq.
RONALD W. GILL, ESQ.(975414)
Assistant Attorney General
Civil Litigation Division, Section III
441 4th Street N.W., 6th floor South
Washington, D.C. 20001
Direct Line: (202) 741-0760
E-mail: ronaldw.gill@dc.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14TH day of May, 2008, I caused the foregoing ANSWER TO PLAINTIFFS' AMENDED COMPLAINT to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:


Marshall W. Taylor, Esq. (454615:
Antoinette N. Moore, Esq. (974932:
Taylor & Sylla & Agin, LLP.
The Commercial National Bank Building
1420 New York Avenue, NW
Suite 810
Washington, DC 20005


      /s/Ronald W. Gill

RONALD W. GILL, ESQ. (975414)
Assistant Attorney General


26