UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELICIA TAYLOR, Individually,　　　　:
and as legal guardian for minor children, :
D.B. and T.B.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiffs,　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　　:　　　　Case No. 1:08-cv-00578 (HHK)
　　　　　　　　　　　　　　　　　　:
DISTRICT OF COLUMBIA, *et al.*　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　Defendants.　　　　　　　:

### DEFENDANT THOMAS D. WALSH, INC.'S ANSWER TO THE AMENDED COMPLAINT AND CROSS-CLAIM AGAINST DEFENDANTS DISTRICT OF COLUMBIA, OLIVIA GOLDEN, LLOYD J. JORDON AND ELEANOR SANDERS

COMES NOW Defendant **THOMAS D. WALSH, INC.** (hereinafter "Defendant") by and through counsel, **BONNER KIERNAN TREBACH & CROCIATA, LLP,** and responds as follows for its Answer to Plaintiffs Amended Complaint:

### ANSWER

### JURISDICTION AND VENUE

1.　　　Defendant admits the existence of the jurisdictional authorities cited in paragraph 1 of the Amended Complaint but denies that jurisdiction is vested solely by reason thereof. Defendant denies the remaining allegations contained in said paragraph.

2.　　　Defendant admits the existence of the jurisdictional authorities cited in paragraph 2 of the Amended Complaint but denies that jurisdiction is vested solely by reason thereof. Defendant denies the remaining allegations contained in said paragraph.

**PLAINTIFFS**

3.      Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

4.      Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

5.      Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

**DEFENDANTS**

6.      Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

7.      Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

8.      Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

9.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

10.    Defendant admits the allegations contained in paragraph 10 of the Amended Complaint.

11.    Defendant admits the allegations contained in paragraph 11 of the Amended Complaint.

12.    Defendant admits the allegations contained in paragraph 12 of the Amended Complaint.

13.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

**FACTUAL BACKGROUND**

14.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

15.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

16.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

17.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

18.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

19.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

20.     Defendant admits the allegations contained in paragraph 20 of the Amended Complaint.

21.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

22.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

23.     Defendant denies the allegations contained in paragraph 23 of the Amended Complaint.

24.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

25.     Defendant denies the allegations contained in paragraph 25 of the Amended Complaint.

26.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

27.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

28.     Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

30.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

31.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

32.     Paragraph 32 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

33.     Paragraph 33 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 33 of the Amended Complaint.

34.     Paragraph 34 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 34 of the Amended Complaint.

35.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

36.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

37.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

38.     Paragraph 38 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 38 of the Amended Complaint.

39.     Paragraph 39 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 39 of the Amended Complaint.

40.    Paragraph 40 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 40 of the Amended Complaint.

41.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

42.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

43.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

44.    Defendant denies the allegations contained in paragraph 44 of the Amended Complaint.

45.    Paragraph 45 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 45 of the Amended Complaint.

46.    Paragraph 46 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 46 of the Amended Complaint.

47.    Paragraph 47 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 47 of the Amended Complaint.

48.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

49.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

50.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

51.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

52.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

53.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

54.    Paragraph 54 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 54 of the Amended Complaint.

55.    Paragraph 55 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 55 of the Amended Complaint.

56.    Paragraph 56 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 56 of the Amended Complaint.

57.    Paragraph 57 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 57 of the Amended Complaint.

58.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

59.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

60.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

61.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

62.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

63.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

64.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

65.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

66.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

67.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

68.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

69.    Paragraph 56 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 56 of the Amended Complaint.

70.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

71.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

72.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

## COUNT I
### Negligence
**(Defendants Golden, Jordan, Sanders, Earl Carlton, L.L. Charlton, Thomas D. Walsh, Inc., and Milloy)**

73.    In response to paragraph 73 of the Amended Complaint, Defendant incorporates by reference all affirmative defenses and its responses to Paragraphs 1 through 72 as if fully set forth herein.

74.    Paragraph 74 of the Amended Complaint calls for a legal conclusion to which no response is required.    To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 74 of the Amended Complaint.

75.    Paragraph 75 of the Amended Complaint calls for a legal conclusion to which no response is required.    To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 75 of the Amended Complaint.

76.    Paragraph 76 of the Amended Complaint calls for a legal conclusion to which no response is required.    To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 76 of the Amended Complaint.

77.    Paragraph 77 of the Amended Complaint calls for a legal conclusion to which no response is required.    To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 77 of the Amended Complaint.

78.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

79.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

80.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

81.     Paragraph 81 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 81 of the Amended Complaint.

82.     Paragraph 82 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 82 of the Amended Complaint.

83.     Paragraph 83 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 83 of the Amended Complaint.

84.     Paragraph 84 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 84 of the Amended Complaint.

85.     Paragraph 85 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 85 of the Amended Complaint.

## COUNT II
### Gross Negligence
### (Defendants Golden, Jordan, Sanders, Earl Carlton, L.L. Charlton, Thomas D. Walsh, Inc., and Milloy)

86.     In response to paragraph 86 of the Amended Complaint, Defendant incorporates by reference all affirmative defenses and its responses to Paragraphs 1 through 85 as if fully set forth herein.

87.     Paragraph 87 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 87 of the Amended Complaint.

88.     Paragraph 88 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 88 of the Amended Complaint.

89.     Paragraph 89 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 89 of the Amended Complaint.

90.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

91.     Paragraph 91 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 91 of the Amended Complaint.

92.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

93.     Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

94.    Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

95.    Paragraph 95 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 95 of the Amended Complaint.

96.    Paragraph 96 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 96 of the Amended Complaint.

97.    Paragraph 97 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 97 of the Amended Complaint.

98.    Paragraph 98 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 98 of the Amended Complaint.

99.    Paragraph 99 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 99 of the Amended Complaint.

100.    Paragraph 100 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 100 of the Amended Complaint.

101.   Paragraph 101 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 101 of the Amended Complaint.

102.   Paragraph 102 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 102 of the Amended Complaint.

103.   Defendant is without specific information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

<u>**COUNT III**</u>
**Breach of Implied Warranty of Habitability**
**(Defendants Earl Carlton, L.L. Charlton, and Thomas D. Walsh, Inc.)**

104.   In response to paragraph 104 of the Amended Complaint, Defendant incorporates by reference all affirmative defenses and its responses to Paragraphs 1 through 103 as if fully set forth herein.

105.   Paragraph 105 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 105 of the Amended Complaint.

106.   Paragraph 106 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 106 of the Amended Complaint.

107.    Paragraph 107 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 107 of the Amended Complaint.

108.    Paragraph 108 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 108 of the Amended Complaint.

109.    Paragraph 109 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 109 of the Amended Complaint.

110.    Paragraph 110 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 110 of the Amended Complaint.

111.    Paragraph 111 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 111 of the Amended Complaint.

112.    Paragraph 112 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 112 of the Amended Complaint.

113.    Paragraph 113 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 113 of the Amended Complaint.

114.    Paragraph 114 of the Amended Complaint calls for a legal conclusion to which no response is required.    To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 114 of the Amended Complaint.

115.    Paragraph 115 of the Amended Complaint calls for a legal conclusion to which no response is required.    To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 115 of the Amended Complaint.

116.    Paragraph 116 of the Amended Complaint calls for a legal conclusion to which no response is required.    To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 116 of the Amended Complaint.

## COUNT IV
### 42 U.S.C. § 1983 Deprivation of Fifth Amendment Rights
### Life, Safety, and Personal Security
### (Defendants D.C., Golden, Jordan, and Sanders)

117.    In response to paragraph 117 of the Amended Complaint, Defendant incorporates by reference all affirmative defenses and its responses to Paragraphs 1 through 116 as if fully set forth herein.

118-130.    Paragraphs 118-130 of the Amended Complaint require no response from Defendant, as the allegations are directed to other Defendants.    However, to the extent that a response is required, Defendant denies all allegations which may be deemed to be directed to this Defendant.

**COUNT V**
**Civil Rights Violation under 42 U.S.C. § 1983 –**
**Deliberate Indifference to Social Worker Training, Supervision and Retaining**
**(Defendants D.C. and Golden)**

131. In response to paragraph 131 of the Amended Complaint, Defendant incorporates by reference all affirmative defenses and its responses to Paragraphs 1 through 130 as if fully set forth herein.

132-140.    Paragraphs 132-140 of the Amended Complaint require no response from Defendant, as the allegations are directed to other Defendants. However, to the extent that a response is required, Defendant denies all allegations which may be deemed to be directed to this Defendant.

**COUNT VI**
**Punitive Damages**
**(Defendants Golden, Jordan, Sanders, Earl Carlton, L.L. Charlton, Thomas D. Walsh, Inc., and Milloy)**

141.    In response to paragraph 141 of the Amended Complaint, Defendant incorporates by reference all affirmative defenses and its responses to Paragraphs 1 through 140 as if fully set forth herein.

142.    Paragraph 142 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 142 of the Amended Complaint.

143.    Paragraph 143 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 143 of the Amended Complaint.

144.    Paragraph 144 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 144 of the Amended Complaint.

145.    Paragraph 145 of the Amended Complaint calls for a legal conclusion to which no response is required.   To the extent that a response might be required - - and it is not - - Defendant denies the allegations contained in paragraph 145 of the Amended Complaint.

All allegations not specifically admitted herein are denied.

WHEREFORE, Defendant requests that the Court dismiss the Amended Complaint and award it further relief that the Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims must fail, in whole or in part, because Defendant did not breach any duty of care owed to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or diminished by their sole or contributory negligence, which negligence was the cause of all or part of the minors' injuries and damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' failed to take due and appropriate care in the mitigation of the minors' alleged injuries and damages and their recovery from Defendant is therefore barred in whole or in part.

20

### FIFTH AFFIRMATIVE DEFENSE

The minors' alleged injuries and damages were directly and proximately caused by Plaintiffs' own acts and conduct which intervened between Defendant's acts and conduct and the minors' alleged damages, thereby barring Plaintiffs from any recovery from Defendant.

### SIXTH AFFIRMATIVE DEFENSE

The minors' alleged injuries and damages were proximately caused by act(s) of commission or omission of third parties over whom this Defendant exercised no authority, control or right to control, which act(s) intervened between Defendant's acts and the minors' alleged damages, thereby barring Plaintiffs from any recovery from Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery of all or part of the minors' alleged damages are barred by the doctrine of accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendant did not have actual or constructive notice of any allegedly defective condition or equipment that Plaintiffs allege caused the minors' injuries.

### NINTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims are barred for failure to bring this matter in the appropriate time before the running of the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of *laches.*

### ELEVENTH AFFIRMATIVE DEFENSE

The minors' alleged injuries and damages were directly and proximately caused by the acts and conduct of third persons beyond the authority, dominion or control of this Defendant, which intervened between Defendant's acts and conduct and the minors' alleged damages, thereby barring any recovery by Plaintiffs from this Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

The minors' alleged injuries and damages were directly and proximately caused by the acts and conduct of third parties, which intervened between the acts and conduct of Defendant and the minors' alleged damages, thereby barring any recovery by Plaintiffs from Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

The minors' alleged injuries and damages are not causally related to the events alleged in the Amended Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts the defenses of estoppel, fraud, and release.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiffs failed to join all necessary parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant states that the cause or causes of action allegedly set forth in the Amended Complaint are barred by the doctrines of res judicata and/or collateral estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their assumption of the risk.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant denies all allegations contained in the Amended Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims may be barred because the minors' alleged injuries and damages, if any, were caused by pre-existing conditions and/or injury producing incidents other than the incident complained of.

## TWENTIETH AFFIRMATIVE DEFENSE

If any minor sustained injuries as alleged, these injuries were caused or contributed to by the negligence of the Plaintiffs and/or the minors' guardian.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

If the minors sustained injuries as alleged, these injuries were caused or contributed to by the knowing assumption of the risk of such injury by the Plaintiffs and/or the minors' guardian.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The subject premise was constructed with means and materials which were state-of-the-art and within industry standards at the time of the occurrence.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Defendant complied in all salient respects with the applicable laws/rules and regulations of the District of Columbia.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred because the Defendant did not have notice and a reasonable opportunity to abate any defective or hazardous conditions existing at the property at issue.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Defendant denies that the subject property was poorly maintained and/or contained any dangerous, hazardous, and unlawful levels of lead paint.  Alternatively, Defendant denies actual or constructive notice of any dangerous or defective condition existing at the subject premise.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Defendant denies that any minor was exposed to and/or ingested hazardous lead paint substances at the subject premise.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Defendant denies all allegations of carelessness, negligence or the violation of any statute, regulation or ordinance that may be alleged to be applicable.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Defendant denies that any careless or negligent acts or omissions by it or the violation of any statute, ordinance or regulation by it was the proximate cause of any injuries and/or damages allegedly sustained by any minor.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Defendant denies any and all liability and/or responsibility to the Plaintiffs herein under any theory of negligence *per se*.

### THIRTIETH AFFIRMATIVE DEFENSE

The Defendant is without knowledge or information sufficient to form a belief as to the injuries and/or damages allegedly sustained by any minor and therefore, deny that any minor

sustained any injuries and/or damages of the nature or to the extent claimed in the Amended Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims must fail because this Court lack subject matter jurisdiction over this matter.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims must fail because this Court lacks personal jurisdiction over this matter.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to assert such other affirmative defenses as discovery in this case discloses a basis therefore.

WHEREFORE, the premises considered, Defendant Thomas D. Walsh, Inc., by counsel, respectfully pray that the Amended Complaint be dismissed with prejudice, that it be awarded costs of this action, together with such other and further relief as this Court may deem just and appropriate.

DATED this 21st day of May, 2008.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

/s/ Keith M. Bonner
Keith M. Bonner, Esq., No. 305938
1233 20th Street, N.W., Suite 800
Washington, D.C.  20036
(202) 712-7000
E-mail:  kbonner@bktc.net
**Attorneys for Defendant Thomas D. Walsh, Inc.**

## JURY DEMAND

Defendant Thomas D. Walsh, Inc., by and through counsel, hereby requests a trial by jury of 12 persons, or the otherwise maximum number of jurors allowable under the Rules of this Court, on all issues so triable raised herein.

DATED this 21st day of May, 2008.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

/s/ Keith M. Bonner
Keith M. Bonner, Esq., No. 305938
1233 20th Street, N.W., Suite 800
Washington, D.C.  20036
(202) 712-7000
E-mail:  kbonner@bktc.net
**Attorneys for Defendant Thomas D. Walsh, Inc.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELICIA TAYLOR, Individually,     :
and as legal guardian for minor children, :
D.B. and T.B.     :
     :
     Plaintiffs,     :
     :
     v.     :     Case No. 1:08-cv-00578 (HHK)
     :
DISTRICT OF COLUMBIA, *et al.*     :
     :
     Defendants.     :

**DEFENDANT THOMAS D. WALSH, INC.'S CROSS-CLAIM AGAINST DEFENDANTS DISTRICT OF COLUMBIA, OLIVIA GOLDEN, LLOYD J. JORDON AND ELEANOR SANDERS**

COMES NOW Defendant **THOMAS D. WALSH, INC.** (hereinafter "Defendant") by and through counsel, **BONNER KIERNAN TREBACH & CROCIATA, LLP,** and files this Cross-Claim against co-defendants District of Columbia, Olivia Golden, Lloyd J. Jordon and Eleanor Sanders:

1.     This Cross-Claim arises out of the occurrence which is the subject matter of the Plaintiffs' Amended Complaint. The Plaintiffs filed a lawsuit seeking damages for the injuries allegedly sustained by the minor Plaintiffs. The Plaintiffs' Amended Complaint alleges that all of the Defendants are liable to Plaintiffs.

2.     If Plaintiffs were injured and/or damaged as alleged in the Amended Complaint, such injuries and/or damages were not caused by any intentional or negligent act, error or omission by the Defendant/cross-claimant Thomas D. Walsh, Inc., its employees, agents, and servants acting within the scope of their employment, but by the intentional or negligent acts, errors, or omissions of the cross-defendants District of Columbia, Olivia Golden, Lloyd J.

28

Jordon, and Eleanor Sanders, who caused, helped, or contributed to bring about the incident and injuries and/or damages alleged in Plaintiffs' Amended Complaint.

     3.      If Defendant/cross-claimant Thomas D. Walsh, Inc., its employees, agents and servants acting within the scope of their employment are liable to Plaintiffs, cross-defendants District of Columbia, Olivia Golden, Lloyd J. Jordon, and Eleanor Sanders, they must indemnify and contribute to any judgment Plaintiffs may recover against Defendant/cross-claimant Thomas D. Walsh, Inc.

     WHEREFORE, in the event Plaintiffs obtain a verdict against Defendant Thomas D. Walsh, Inc., Defendant demands judgment and contribution and/or indemnity from cross-defendants District of Columbia, Olivia Golden, Lloyd J. Jordon, and Eleanor Sanders, with respect to the entire or a proportionate amount of any such verdict.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

/s/ Keith M. Bonner
Keith M. Bonner, Esq., No. 305938
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036
(202) 712-7000
E-mail: kbonner@bktc.net
**Attorneys for Defendant Thomas D. Walsh, Inc.**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that I caused a copy of the foregoing Answer to the Amended

Complaint and Cross-Claim, this 21st day of May 2008, to be filed with the Clerk of the Court

using the CM/ECF system, which will send notification of such filing to:

Marshall W. Taylor, Esq. (454615)
Antoinette N. Moore, Esq. (974932)
Taylor, Sylla & Agin, LLP
The Commercial National Bank Building
1420 New York Avenue, N.W.
Suite 810
Washington, D.C. 20005

Ronald W. Gill, Esq. (975414)
Assistant Attorney General
Civil Litigation Division, Section III
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001

/s/ Keith M. Bonner
Keith M. Bonner, No. 305938