## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

FELICIA TAYLOR, Individually, and as      :
legal guardian for minor children, D.B.      :
and T.B      :
     :
                 Plaintiffs,      : Case No: 1:08-cv-00578 (HHK)
     :
       V.      :
     :
     :
     :
     :
     :
DISTRICT OF COLUMBIA, et al.      :
     :
                 Defendants      :
_____:

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO ENLARGE THE TIME IN WHICH TO SERVE RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, *NUNC PRO TUNC*

Defendant District of Columbia ("District"), by and through undersigned counsel, hereby moves this Court, *nunc pro tunc,*  to grant it additional time to serve the plaintiff with its responses to Plaintiff's First Requests for Admissions pursuant to applicable rule, legal and factual support for this motion is contained in the attached Memorandum of Points and Authorities. Defendant has served its response to Plaintiffs Plaintiff's First Set of Requests for Admissions via e-mail and Regular Mail on August 19, 2008, and asks that the Court allow the District the additional days *Nunc Pro Tunc* to serve the plaintiff with the District responses to their Requests for Admissions.  A proposed order is attached for the Court's convenience.

### Fed. Civ Rulr 7(m) Certifications

2

On August 13, 2008 and August 19, 2008, counsel for the District of

Columbia contacted counsel for Plaintiff Marshall Taylor to request plaintiff's

consent to the relief sought herein.  Plaintiff' counsel did not consent.


Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

 /s/Toni Michelle Jackson
TONI MICHELLE JACKSON
(453765)
Chief, General Litigation Section III

 /s/Ronald W. Gill, Esq.
RONALD W. GILL, ESQ. (975414)
Assistant Attorney General
Civil Litigation Division, Section III
441 4th Street N.W., 6th floor South
Washington, D.C. 20001
Direct Line: (202) 741-0760
E-mail: ronaldw.gill@dc.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

FELICIA TAYLOR, Individually, and as      :
legal guardian for minor children, D.B.     :
and T.B                                     :
                                            :
                          Plaintiffs,       : Case No: 1:08-cv-00578 (HHK)
                                            :
            V.                              :
                                            :
                                            :
                                            :
                                            :
                                            :
                                            :
DISTRICT OF COLUMBIA, et al.                :
                                            :
                          Defendants        :
_____:


**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO ENLARGE THE TIME
IN WHICH TO SERVE RESPONSES TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR ADMISSIONS, _NUNC PRO TUNC_**

**Background**

On July 11, 2008, plaintiff served by regular mail their First Set of
Requests for Admissions on District.   The District received the Plaintiff's
Requests for Admissions on July 15, 2008.  The undersigned personally received
the Requests for Admissions one day later on July 16, 2008.

On August 13, 2008, the undersigned called plaintiff attorney, Marshall W.
Taylor, Esq. requesting a short extension to respond to the RFA and Plaintiff's
interrogatories.  I was told by one of the firm's associates that only Mr. Taylor
could make the decision to grant my request and that he would be out of the
office until August 18, 2008.  In turn, I left a voice message on Mr. Taylor's direct

line explaining that we were encountering some difficulty obtaining information from our client agencies due to the complex nature of the case, and the fact that the summer vacation schedule was in full force. Additionally, I advised Mr. Taylor of Defendant's concern that we have a Protective Order in place prior to releasing much of the requested information.

On August 18th, 2008, I received a voice message from Mr. Taylor declining my request for a short extension.  On August 19, 2008 we served plaintiff's defendant's Response the RFA by electronic and regular mail. Consequently, the District filed its responses a few days late.

### Argument

Based on plaintiff's denial of defendant's request for an extension of time to respond to plaintiff's Requests for Admissions plaintiff will undoubtedly argue that pursuant to Fed. R. Civ. P. 36 the District's late response to plaintiff's Requests for Admissions should be automatically deemed admitted.  However, the facts of that case are distinguishable to those cases where the Court has granted deemed admitted late responses to Requests for Admissions. For example, in *Rainbolt v. Johnson*, 699 F.2d 767 (D.C. Cir. 1981).  the defendant did not only fail to respond to plaintiff's request for admissions within the 30 day period that is required by Fed. R. Civ. Pro. 36, but they failed to respond at any time prior to trial.  *Id* at 768.

Here the District acted reasonably to meet it's obligations under the rules by requesting a short extension. Defendant sought this cooperation on or before the response expiration date.  However, Plaintiff did not respond until August 18,

2008. In addition, this case involves minor children who are wards of the State. The District is prohibited from releasing confidential personal and/or medical information without a Protective Order in place.

In hindsight, Defendant should have filed their response to Plaintiff's Requests for Admissions when Mr. Taylor had not returned defendant's phone call, however, Defendant in good faith sought to timely comply, notwithstanding, the previously stated difficulties, and Defendant's sincere and genuine concern as to the propriety of releasing information (by way of admission or denial) without a Protective Order in place.

Any argument to the contrary overstates the rigidity of the law developed under Fed. R. Civ. Pro. 36. In *Banks v. Office of the Senate Sergeant-at-Arms and Doorkeeper,* 226 F.R.D 113 (D.D.C., 2005), Magistrate Judge Facciola discussed the District Court's discretion in such cases and how the deadlines described in Rule 36 have been interpreted by other Courts:

> [T]he federal courts have permitted a party to answer the requests after the 30-day deadline has passed. *See, e.g., Smith v. First Nat'l Bank of Atlanta,* 837 F.2d 1575, 1577 (11th Cir.1988); *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1312 (8th Cir.1983); *Moosman v. Joseph P. Blitz, Inc.,* 358 F.2d 686, 688 (2nd Cir.1966). See also 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2257 & n. 9 (1994) ("The court has power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired. Thus, the court can, in its discretion, permit what would otherwise be an untimely answer."). There is therefore nothing that automatically requires that the requests for admission be deemed admitted merely because 30 days have transpired since the defendant was ordered to respond.

*Id.* at 118.

Further, in *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1393 (5th Cir. 1969), the court held that "Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." Consequently, courts have broad discretion to permit parties to file a response out of time when "such filing will facilitate a proper presentation of the merits and when the untimely response will not prejudice the requesting party in maintaining the action." *United States v. $ 30,354*, 863 F. Supp. 442, 444-45 (W.D. Ky. 1994).

In *Marshall v. District of Columbia*, 391 A.2d 1374 (D.C. 1978), the court held that Rule 36(b) "focuses on the lack of prejudice to the opposing party [*i.e.*, the party opposing relief from an untimely response] and on the policy for furthering just and complete resolution of the merits." *Id.* at 1379. Rule 36 is not so "wooden" as to require that responses filed any time after the 30-day deadline be discarded and that the Requests for Admissions be deemed admitted. See Banks v. Office of Senate Sergeant-at-Arms and Doorkeeper, 226 F.R.D. 113, 118 (D.D.C. 2005) ("[F]ederal courts have permitted a party to answer the requests after the 30-day deadline has passed."). Courts have "the power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired," and can, "in [their] discretion, permit what would otherwise be an untimely answer." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2257, at 541 (2d ed. 1994).

In deciding whether to exercise this discretion, courts generally apply a test identical to the one that Fed. R. Civ. P. 36(b) prescribes for withdrawal of admissions. Id. § 2257, at 543.  An untimely response should be accepted under that test when doing so "will aid in the presentation of the merits of the action and will not prejudice the party who made the request." Id. This inquiry makes sense because allowing a party to file belated responses has the same effect as permitting that party to withdraw admissions already made admissions on which an opposing party may already have come to rely.

Here, in contrast, the District missed the governing deadline for serving its responses by a few days, although defendant in good faith sought an extension from plaintiff's counsel on the due date. This minor lapse is analogous to the situation in which a party misses a filing deadline and seeks an extension of time after the deadline has passed. See Fed. R. Civ. P. 6(b). Under such circumstances, the extension may be granted upon a showing of "excusable neglect." Id.; see <u>Yesudian ex rel. United States v. Howard Univ.,</u> 270 F.3d 969, 971 (D.C. Cir. 2002).  Whether the opposing party will be prejudiced is one factor in the excusable-neglect inquiry, and where a delay is "brief, and there is no suggestion that it had a material effect on the proceedings," the opposing party cannot have suffered any prejudice. <u>Id</u>. Such is the case here.

In this case, Defendant has served its response to <u>Plaintiffs Plaintiff's First Set of Requests for Admissions via e-mail and Regular Mail on August 19, 2008,</u> *[emphasis added],* and asks that the Court allow the District the additional

7

days *Nunc Pro Tunc* to serve the plaintiff with the District responses to their Requests for Admissions. Such filing will facilitate a proper presentation of the merits and allowing such responses will not prejudice the plaintiff.

Wherefore, the District respectfully requests that this Court grant the additional few days, *nunc pro tunc,* to serve the plaintiff with its responses to the plaintiff's First Requests for Admissions.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

  */s/Toni Michelle Jackson*
TONI MICHELLE JACKSON
(453765)
Chief, General Litigation Section III

  */s/Ronald W. Gill, Esq.*
RONALD W. GILL, ESQ. (975414)
Assistant Attorney General
Civil Litigation Division, Section III
441 4th Street N.W., 6th floor South
Washington, D.C. 20001
Direct Line: (202) 741-0760
E-mail: ronaldw.gill@dc.gov

8

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
FELICIA TAYLOR, Individually, and as          :
legal guardian for minor children, D.B.       :
and T.B                                        :
                                               :
                          Plaintiffs,          : Case No: 1:08-cv-00578 (HHK)
                                               :
          V.                                   :
                                               :
                                               :
                                               :
                                               :
                                               :
                                               :
DISTRICT OF COLUMBIA, et al.                   :
                                               :
                          Defendants           :
_____:

## <u>ORDER</u>

Upon consideration of defendant District of Columbia's Motion for Leave to

Serve Responses to Plaintiff's First Requests for Admissions, *nunc pro tunc,* any

opposition filed thereto, the record herein, and for the reasons in defendant's

motion, it is this _____ day of _____, 2008,

ORDERED: That defendant District of Columbia's motion is hereby

GRANTED, and that the District of Columbia is hereby granted one additional

day to serve plaintiff with it responses to plaintiff's First Requests for Admissions.

                                        _____
                                        The Honorable Henry H. Kennedy, Jr.
                                        U.S. District Court Judge

Copies to:

RONALD W. GILL, ESQ.
Assistant Attorney General
Civil Litigation Division, Section III
441 4th Street N.W., 6th floor South
Washington, D.C. 20001

Marshall W. Taylor, Esq.
Antoinette N. Moore, Esq.
Taylor & Sylla & Agin, LLP.
The Commercial National Bank Building
1420 New York Avenue, NW Suite 810
Washington, DC 20005