**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FELECIA TAYLOR, Individually, and as legal guardian for minor children, D.B. and T.B | : <br> : <br> : <br> : |
| Plaintiffs, | : Case No: 1:08-cv-00578 (HHK) <br> : |
| V. | : <br> : <br> : <br> : <br> : |
| DISTRICT OF COLUMBIA, et al. | : <br> : |
| Defendants | : <br> : |

**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

The defendant, District of Columbia ("District"), through undersigned counsel, hereby respectfully moves the Court to enter a Protective Order governing the use of confidential information disclosed in this litigation pursuant to Fed. R. Civ. P. 26(c). The District designates the following records as confidential: The Child and Family Services Agency ("CFSA") records for plaintiff-minor D.B., the CFSA records of another minor T.B. the CFSA records for foster parent Felecia Taylor, and the personnel files of District employees and to designate that these confidential information only be used by the plaintiff for the purpose of this litigation, including interrogatories, answers and depositions, mediation, hearings and trial.

A Memorandum of Points and Authorities in support of this motion is attached hereto and incorporated by reference.

<u>LCvR 7(m) Certifications</u>

On August 19, 2008, counsel for the District of Columbia contacted counsel for Plaintiff Marshall Taylor to request plaintiff's consent to the relief sought herein. Plaintiff' counsel did not consent.

           Respectfully submitted,

           PETER J. NICKLES
           Acting Attorney General for the
           District of Columbia

           GEORGE C. VALENTINE
           Deputy Attorney General
           Civil Litigation Division

           <u>/s/Toni Michelle Jackson</u>
           TONI MICHELLE JACKSON (453765)
           Chief, General Litigation Section III

           <u>/s/Ronald W. Gill, Esq.</u>
           RONALD W. GILL, ESQ.(975414)
           Assistant Attorney General
           Civil Litigation Division, Section III
           441 4th Street N.W., 6th floor South
           Washington, D.C. 20001
           Direct Line: (202) 741-076
           E-mail: ronaldw.gill@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2008, I caused the foregoing **MOTION TO ENTER PROTECTIVE ORDER** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Marshall W. Taylor, Esq. (454615:
Antoinette N. Moore, Esq. (974932:
Taylor & Sylla & Agin, LLP.
The Commercial National Bank Building
1420 New York Avenue, NW
Suite 810
Washington, DC 20005


       /s/Ronald W. Gill
RONALD W. GILL, ESQ (975414)
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELECIA TAYLOR, Individually, and as legal guardian for minor children, D.B. and T.B | : : : : |
| Plaintiffs, | : Case No: 1:08-cv-00578 (HHK) : |
| V. | : : : : : |
| DISTRICT OF COLUMBIA, et al. | : : |
| Defendants | : : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO ENTER PROTECTIVE ORDER**

In support of its motion to enter a Protective Order, the defendant hereby submits this memorandum in support of its Motion for a Protective Order.

1.  Plaintiff has sought through discovery to obtain certain information and records that are confidential pursuant to the DC Code. The District hereby designates the following records as confoidential: The Child and Family Services Agency ("CFSA") records for plaintiff-minor D.B., the CFSA records of another minor T.B., the CFSA records for foster parents Felecia Taylor, and the personnel files of District employees. The Protective Order will ensure that these confidential records are only used in the course of this litigation by the plaintiff. DC Code sections 4-1303.06(a), 4-1405(c) and DC Code sections 16-2331 and 16-2332, deem foster care and juvenile case records confidential.

4

2. Pursuant to DC Code section 4-1303.06(a): Information acquired by staff of the Social Rehabilitation Administration of the Department of Human Services which identifies individual children reported as or found to be abused or neglected or which identifies other members of their families or other persons or other individuals shall be considered confidential and may be released or divulged only for purposes relating to the identification or abuse or neglect, the identification of service needs or resources, the securing or provision of treatment or direct services for the child or individual identified.

3. Pursuant to DC Code section 4-1303.06(b), persons or agencies who are not covered by confidentiality requirements comparable to those in the above statute must sign a statement that they will not divulge such confidential information for purposes unrelated to the purposes of treatment, identification or evaluation.

4. Pursuant to DC Code section 4-1405(c): Records which are deemed confidential shall not be available for inspection, nor disclosed to any person, firm, corporation, association, or public agency, except that such records shall be available for inspection by authorities authorized by law to license child placing agencies.

5. Pursuant to DC Code section 16-2331, juvenile case records shall be kept confidential and shall not be open to inspection except in limited circumstances, including where authorized, under subsection (d), by Special Order. Pursuant to DC Code section 16-2331(d), no person receiving any record

or information pursuant to that section may publish or use it for any purpose other than that for which it was received without a special order of the court.

6. Pursuant to DC Code section 16-2332, juvenile social records shall be kept confidential and shall not be open to inspection except for in limited circumstances, including where authorized, under subsection (d), by Special Order. Pursuant to DC Code section 16-2332(d), no person receiving any record or information pursuant to that section may publish or use it for any purpose other than that for which it was received without a special order of the court.

7. In addition, the CFSA records concerning the foster parents contain confidential information of two minors, plaintiff-minor, D.B., and minor T.B.

8. This is of particular importance here as the foster parent records at issue not only contain information concerning plaintiff-minors, D.B. and T.B. but also information concerning other foster children.

9. Finally, DC Code section 1-631.01 provides that all personnel records of the District government shall be confidential. As such, defendant requests entry of a Protective Order in order to release personnel records of District employees.

10. Under Fed. R. Civ. P. 26(c), upon motion by a party, this Court may enter a Protective Order providing that discovery may only be had on specified terms and conditions.

11. Defendant moves under Fed. R. Civ. P. 26(c) for such a protective order, providing that this confidential information disclosed in discovery be

6

maintained as confidential and only used by the parties, their counsel and experts in this case.

WHEREFORE, the defendant moves this Court to enter the attached Protective Order.

Dated: August 19, 2008

                                      Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

    /s/Toni Michelle Jackson
TONI MICHELLE JACKSON (453765)
Chief, General Litigation Section III

    /s/Ronald W. Gill, Esq.
RONALD W. GILL, ESQ.(975414)
Assistant Attorney General
Civil Litigation Division, Section III
441 4th Street N.W., 6th floor South
Washington, D.C. 20001
Direct Line: (202) 741-076
E-mail: ronaldw.gill@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
FELECIA TAYLOR, Individually, and as :
legal guardian for minor children, D.B. :
and T.B :
                                                               :
                             Plaintiffs,           : Case No: 1:08-cv-00578 (HHK)
                                                               :
             v.                                          :
                                                               :
                                                               :
                                                               :
                                                               :
                                                               :
DISTRICT OF COLUMBIA, et al.        :
                                                               :
                             Defendants         :
_____:

## PROTECTIVE ORDER

1. For the purposes of this Order, "Confidential Information" shall mean any documents, evidence, testimony, materials or other information, whether written or oral, exchanged, revealed or presented in these proceedings, designated in good faith as "Confidential" by either party.  Confidential Information shall include, the Child and Family Services Agency ("CFSA") records concerning plaintiff-minor, D.B., CFSA records of foster child T.B., foster parents Felecia Taylor and personnel files or information of any District employee, the home addresses and telephone numbers of employees of the defendant and all information concerning specific, individual foster children and foster parents.

2. Confidential Information supplied by the Defendant shall be reviewed only by the parties in this litigation, attorneys and their supervisors as well as secretaries, investigators, paralegals, interns, and any experts retained by the Plaintiff for purposes of this case.  Confidential Information supplied by the Defendant shall not be reviewed by or disclosed to any other persons not associated with this case, and shall not otherwise be disclosed in any way that is inconsistent with the terms of this Order.

3.  If Plaintiff believes that any pleading, exhibit, deposition transcript, document or other written material to be produced by that party contains Confidential Information, the party shall stamp that document containing

8

such information as "Confidential." The inadvertent failure of Plaintiff to mark or designate information or testimony as Confidential at the time of its production or utterance shall not constitute a waiver of the protections provided herein, so long as said oversight is recognized and rectified in a reasonably timely manner.

4. Nothing in this Protective Order waives or otherwise overrides Defendant's other legal objections including but not limited to privilege.

5. Plaintiff may challenge the designation of information produced during this action as "Confidential" by bringing the issue to the attention of the Court via telephone conference or a motion for an appropriate order, provided, however, that the receiving party must first make a good-faith attempt to resolve the dispute informally with the producing party. A good faith effort must include ample notice, and an opportunity to review the subject issue, discuss it with the parties, and respond in writing if necessary to protect the record herein. Unless and until the parties agree that information designated as "Confidential" is not entitled to the protections conferred by such designation, or, in the absence of agreement, the Court so rules, said information shall remain Confidential Information subject to this Protective Order.

6. Each person on Plaintiff's behalf receiving Confidential Information will take steps to insure that disclosure is strictly limited to persons so authorized under this Protective Order in ¶ 2 above, and is maintained in a manner that prevents its use for purposes not authorized in this Protective Order. All Confidential Information, whether contained in answers to interrogatories, documents, deposition transcripts or exhibits, pleadings, shall be kept in such a manner sufficient to protect the confidential nature of the information and such Confidential Information shall, at all times, be maintained in the utmost confidentiality.

7. Any pleading or other submission filed in this proceeding, which contains Confidential Information, shall be filed under seal, in paper form rather than electronically, and clearly marked as being filed under seal and as containing Confidential Information.

8. Plaintiff shall be responsible for maintaining in a secure manner all copies of Confidential Information received by that party or its representatives, consultants, officers or employees, or otherwise provided by the other party.

9. Plaintiff shall submit a list/matrix indicating what documents produced are protected by this Order.

10. Plaintiff shall communicate the confidentiality requirements of this Protective Order to every person who is given access, pursuant to the terms of this Order, to Confidential Information produced by the other party.

11. In the event that any Confidential Information is used in any court proceeding in connection with this litigation, Plaintiff shall take all steps reasonably required to protect its confidentiality during such use, provided that the parties shall meet and confer to determine how the parties' interests can be best accommodated at trial.

12. Defendant may seek remedial relief in Court for a breach or threatened breach of this Order in accordance with applicable law.

And it is by the Court this ___ day of August 2008,

**SO ORDERED**:

_____
The Honorable Henry H. Kennedy, Jr.
U.S. District Court Judge