UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELECIA TAYLOR, et. al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, et al. )<br>)<br>Defendants. )<br>_____) | Case No:   1:08-cv-00578 (HHK)<br>Next Event: Mediation Period<br>                   1/2/09-3/2/09 |

**PLAINTIFF FELECIA TAYLOR'S MOTION FOR ADJUDICATION
OF DEEMING ADMITTED PLAINTIFF'S REQUEST FOR ADMISSIONS
TO DEFENDANT DISTRICT OF COLUMBIA**

COMES NOW Plaintiff, TAYLOR, (hereinafter, "Plaintiff") by and through undersigned counsel, and pursuant to the Rules of this Court, and respectfully moves this Honorable Court for an Order deeming admitted Plaintiff Felecia Taylor's First Set of Request for Admission to Defendant, District of Columbia. In support thereof, Plaintiff refers this Court to the attached Memorandum of Points and Authorities, incorporated herein by reference.

WHEREFORE, Plaintiff seeks an Order deeming admitted Plaintiff Felecia Taylor's First Set of Requests for Admission to Defendant, District of Columbia.

Dated: August 19, 2008.             Respectfully submitted,

**TAYLOR, SYLLA & AGIN, LLP**

/s/ Marshall W. Taylor
Marshall W. Taylor, #454615
Antoinette N. Moore, #974932
Taylor Sylla & Agin, LLP
The Commercial National Bank Building
1420 New York Avenue, NW
Suite 810
Washington, DC 20005
(202)783-7830
*Counsel for Plaintiff*

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELECIA TAYLOR, et. al.       )<br>                                   )<br>      **Plaintiffs,**        )<br>                                   )<br>           **v.**                 )<br>                                   )<br>**DISTRICT OF COLUMBIA, et al.** )<br>                                 )<br>      **Defendants.**       )<br>_____) | **Case No:**    1:08-cv-00578 (HHK)<br>**Next Event:** Mediation Period<br>                     1/2/09-3/2/09 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF FELECIA TAYLOR'S MOTION FOR ADJUDICATION
OF DEEMING ADMITTED PLAINTIFF'S REQUEST FOR ADMISSIONS
TO DEFENDANT DISTRICT OF COLUMBIA**

**I. STATEMENT OF FACTS:**

This matter surrounds Plaintiffs' claim against Defendants for injuries sustained as a result of minor Plaintiff's, D.B. and T.B.'s, exposure to lead based paint hazards as well exposure to harmful stimuli and/or other improper behavior and conduct perpetrated by Defendant Annie Milloy while Plaintiffs resided in a District of Columbia licensed foster care home with Defendant Annie Milloy located at 5527 9th Street, N.W., Washington, D.C. 20009.

As set forth in Plaintiffs' April 9, 2008 Amended Complaint, Plaintiffs' only causes of action against Defendant District of Columbia (hereinafter, "Defendant D.C.") are based on violations of 42 U.S.C. § 1983.

On June 30, 2008 the Court convened the Initial Scheduling Conference in this matter, which had been set by the Court pursuant to its May 16, 2008 Order for Initial Scheduling Conference. However, without prior notice or approval from this Court, Defendant, District of Columbia, failed to appear.

On July 11, 2008, Plaintiff, Felecia Taylor served, by U.S. mail, written discovery on

2

Defendant D.C. and Defendant Thomas D. Walsh, Inc. Included in Plaintiff, Felecia Taylor's discovery requests to Defendant D.C were Plaintiff Felecia Taylor's First Set of Requests for Admission to Defendant District of Columbia (attached hereto as Exhibit "A"). [1]

Including the additional three (3) days provide pursuant to Rule 6 of the Federal Rules of Civil Procedure for service by mail, Defendant's responses were to have been served on, or before, August 14, 2008.

At 2:25 p.m. on Thursday August 14, 2008 counsel for Defendant D.C., Ronald Gill, left Plaintiff's counsel, Marshall Taylor, a recorded voicemail message at counsel's office, requesting an additional thirty (30) days in which to provide Defendant D.C.'s then due discovery responses, including, but not limited to, Defendant's responses to Plaintiff Felecia Taylor's First Set of Requests for Admission.

Because, as stated on Plaintiff counsel, Marshall Taylor's, outgoing voicemail messages, counsel was out of the office until August 18, 2008, Mr. Gill's message was not retrieved on the date it was left.

However, despite Defendant D.C.'s counsel's last minute decision to request an extension of time in which to respond to Plaintiff's Requests for Admission, no effort was made to reach attorney, Antoinette Moore, who is listed on the pleadings in this matter as co-counsel for Plaintiffs, and who was in her office at 2:25 p.m. on Thursday August 14, 2008 when Defendant D.C.'s counsel initiated his call.

On Monday, August 18, 2008, upon his return to the office, Plaintiff's counsel, Marshall Taylor, returned Defendant D.C.'s counsel, Ronald Gill's, call and informed him that because he

---

[1] Although Defendant D.C. has failed to provide any discovery responses whatsoever, the additional discovery Plaintiff served on Defendant D.C. on July 11, 2008 is not the subject of the current motion.

had failed to request an extension of time prior to the response deadline, Plaintiffs' counsel could not consent to the requested extension.

To date, Defendant D.C. has failed to provide any responses to Plaintiff's Request for Admission. Because Defendant D.C. has failed to provide timely response to Plaintiff's Requests for Admission, Plaintiff's Requests for Admission should be deemed to have been admitted.

## II.    ARGUMENT

A.    <u>Defendant's Admissions of Fact Have Been Conclusively Established</u>

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Because Defendant has failed to provide any responses to Plaintiff's Requests for Admissions within the permitted time period under this Court's Rules the "matters set forth in plaintiff's requests for admission are now 'conclusively established.'" *Baker v. Potter,* 212 F.R.D. 8, 12 (2002), citing Fed. R. Civ. P. 36(b), *Rainbolt v. Johnson,* 669 F.2d 767, 768 (D.C. Cir. 1981).

B.    <u>Withdrawal of Defendants Admissions is Not Warranted</u>.

Plaintiff concedes that "the court may permit withdrawal or amendment of [any matter admitted] if it would promote the presentation of the merits of the action *and* if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b) *(emphasis added)*.

However, it has been well established that "both prongs of the Rule 36(b) test must be met to justify withdrawal" *Baker v. Potter,* 212 F.R.D. 8 (2002). Under the current facts

Defendant is clearly unable to meet the requirements of the first prong of the Rule 36(b) test. Specifically, Plaintiff's action against Defendant D.C. arise solely out of violations of 42 U.S.C. § 1983.  In order to establish liability in Section 1983 actions, Plaintiff must be able to establish that (1). Defendant acted under color of state law, and (2) Defendant's actions deprived Plaintiff of some right, privilege, or immunity secured by the Constitution or federal law.  42 U.S.C. § 1983.

Plaintiff's Requests for Admissions do not resolve either of these issues.  Even Requests numbers 6 and 7 which ask, respectively, that Defendant D.C. "[a]dmit that Defendant Lloyd Jordan was the Director of DCRA on June 27, 2000," and to "[a]dmit that between June 27, 2000 and March 1, 2003 Defendant Olivia Golden was Director of CFSA" do not go so far as to establish that either Defendant was acting under color of state law when engaged in the actions and/or inactions alleged in the Complaint.  Nor do any of Plaintiff Taylor's other Requests for Admissions establish this fact.

Similarly, Plaintiff's Requests for Admission do not establish that Defendant's actions deprived Plaintiff of a Constitutionally guaranteed right.  Although some of Plaintiff's Requests for Admissions do ask Defendant D.C. to admit that it failed to take certain actions, including, having failed to test the foster home in which it placed Plaintiffs D.B. and T.B. for the existence of a lead based paint hazard (RFA No. 17), or that it permitted Plaintiffs D.B. and T.B. to continue to reside at the property after having received the lead inspection test results (RFA No. 28), none of Plaintiff's Request for Admission establish that Plaintiffs had a Constitutional right violated by Defendant D.C.

Because, even with Defendant D.C.'s admissions, Plaintiff still must establish that Defendant D.C.'s action violated Section 1983 Defendant "cannot demonstrate that [its]

5

admissions effectively bar, negate, or practically eliminate its case on its merits." *Baker v. Potter,* 212 F.R.D. at 14.

Given the foregoing, Defendant is wholly unable to meet the first prong of the Rule 36(b) test. Because, as stated above, both prongs of the Rule 36(b) test must be met before Defendant may be allowed to withdraw its admissions, Defendants admissions must stand.

Dated this 19th day of August, 2008    Respectfully submitted,

**TAYLOR, SYLLA & AGIN, LLP**

/s/ Marshall W. Taylor
Marshall W. Taylor, #454615
Antoinette N. Moore, #974932
Taylor Sylla & Agin, LLP
The Commercial National Bank Building
1420 New York Avenue, NW
Suite 810
Washington, DC 20005
(202)783-7830
*Counsel for Plaintiffs*

***

## LCvR 7(m) Certificate

On August 18, 2008 Plaintiff sought the consent of Defendant, District of Columbia, to the relief requested herein. Defendant denied consent to the filing of this motion.

/s/ Marshall W. Taylor
Marshall W. Taylor

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of Plaintiff's Motion For Adjudication of Deeming Admitted Plaintiff Felecia Taylor's First Set of Requests for Admissions to Defendant District of Columbia this 19th day of August, 2008, via electronic filing, upon:

>Ronald W. Gill, No. 975414
>Assistant Attorney General
>Civil Litigation Division, Section III
>441 4th Street, N.W., 6th Floor
>Washington, D.C. 20001
>Counsel for Defendants D.C., Golden,
>Jordan, and Sanders

>Keith M. Bonner, No. 305938
>Katherine B. Yoder, No. 477980
>Bonner Kiernan Trebach & Crociata, LLP
>1233 20th Street, N.W., Suite 800
>Washington, D.C. 20036
>Counsel for Defendant Thomas D. Walsh, Inc.

>/s/ Marshall W. Taylor
>Marshall W. Taylor

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELECIA TAYLOR, et. al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | Case No:   1:08-cv-00578 (HHK) |
| v.   ) | Next Event: Mediation Period |
| ) | 1/2/09-3/2/09 |
| **DISTRICT OF COLUMBIA, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER**

Upon consideration of Plaintiff's Motion to For Adjudication of Deeming Admitted Plaintiff's Requests For Admission To Defendant District of Columbia, the Memorandum of Points and Authorities thereto, and the record in this case, it is this ____, day of _____, 2008 hereby

**ORDERED** that Plaintiff's Motion is GRANTED, and it is;

**FURTHER ORDERED** that Plaintiff's Request of Admissions are deemed admitted.

_____
The Honorable Henry H. Kennedy, Jr.
U.S. District Court Judge

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELECIA TAYLOR, et. al.          )
                                 )
          Plaintiffs,            )
                                 )   Case No: 1:08-cv-00578 (HHK)
     v.                          )
                                 )
                                 )
DISTRICT OF COLUMBIA, et al.     )
                                 )

**PLAINTIFF'S FELECIA TAYLOR'S FIRST SET OF
REQUEST FOR ADMISSIONS TO DEFENDANT DISTRICT OF COLUMBIA**

COMES NOW Plaintiff, FELECIA TAYLOR, (hereinafter, "Plaintiff") and requests that Defendant, DISTRICT OF COLUMBIA (hereinafter, "Defendant") admit each of the following facts separately and under oath, and to serve a copy of your answers thereto upon the undersigned attorney for the Plaintiff within the time required by the Rules of this Court.

### Instructions

a.    The identities of the minor plaintiffs, D.B. and T.B. as set forth herein have been provided solely for the purpose of conduction discovery between the parties in this litigation. The identity of these minor Plaintiffs is to be kept confidential until a properly executed protective order can be entered into between the parties in this matter.

### Definitions

a.    The term "you," or "your" refers to the party to whom these Interrogatories are addressed, and the party's agents, agencies, servants, representatives, or employees.

b.    The term "property" refers to the property referenced in the Complaint in this matter and located at 5527 9th Street, N.W., Washington, D.C. 20009 (hereinafter referred to as the "property").

1

c. The term "Plaintiff, D.B". refers to minor child, Plaintiff, David Bumbry, and identified in the Complaint as Plaintiff, D.B. (see instructions, "e" above.)

d. The term "Plaintiff, T.B." refers to minor child, Plaintiff, Tyreace Bumbry, and identified in the Complaint as Plaintiff, T.B. (see instructions, "e" above.)

e. The term "DCRA" refers to the District of Columbia's Department of Consumer and Regulatory Affairs.

f. The term "CFSA" refers the to District of Columbia's Child and Family Services Administration.

## Requests

1. Admit that you removed Plaintiff's D.B. and T.B. from the custody of their birth mother?

2. Admit that after removing Plaintiffs D.B. and T.B. from the custody of their birth mother they were taken into your custody and entered into the District of Columbia's foster care system.

3. Admit that on or about June 27, 2000 you placed Plaintiffs D.B. and T.B. in foster care with Defendant Annie Milloy at the property.

4. Admit that you were aware that both Plaintiffs D.B. and T.B. were under six (6) years of age at the time you placed them in foster care with Defendant Annie Milloy at the property

5. Admit that the property was a licensed District of Columbia foster care home between June 27, 2000 and March 1, 2003.

6. Admit that Defendant Lloyd Jordan was the Director of DCRA on June 27, 2000.

7. Admit that DCRA originally approved the property as a District of Columbia foster care home.

8. Admit that CFSA assumed responsibility for the continuing licensing of the property as a District of Columbia foster home before March 1, 2003.

9. Admit that between June 27, 2000 and March 1, 2003 Defendant Olivia Golden was Director of CFSA.

10. Admit that lead paint existed at the property between June 27, 2000 and March 1, 2003.

11. That the interior paint at the property was pealing between June 27, 2000 and March 1, 2003.

12. That the interior paint at the property was cracking between June 27, 2000 and March 1, 2003.

13. Admit that you placed Plaintiffs D.B. and T.B. without having first tested for the existence of a lead based paint hazard.

14. Admit that you tested Plaintiff D.B. and T.B's blood lead levels on a regular basis between June 27, 2000 and March 1, 2003.

15. Admit that every blood lead level test you conducted on either Plaintiff D.B. or T.B. between June 27, 2000 and March 1, 2003 evidenced blood lead levels at least 2-4 times the upper normal limits.

16. Admit that the highest blood lead level test results you received for either Plaintiff D.B. or T.B. were in August of 2002.

17. Admit that you failed to provide Plaintiffs D.B. or T.B. with medical treatment for elevated lead levels between June 27, 2000 and March 1, 2003.

18. Admit that you took no action to identify the existence of a lead based paint hazard at the property before September 10, 2002.

19. Admit that between June 27, 2000 and February 28, 2003 you took no action to remove either Plaintiff D.B. or T.B. from the property.

20. Admit that between June 27, 2000 and March 1, 2003 you took no action to abate the lead based paint hazard at the property other than the issuance of your October 17, 2002 correspondence entitled "Notice of Defect."

21. Admit that you did not conduct any lead based paint inspections on the property prior to licensing it as a foster care home.

22. Admit that you had not received or obtained a lead based paint certificate for the property prior to licensing it as a foster care home.

23. Admit that you did not conduct any lead based paint inspection on the property between June 27, 2000 and September 9, 2002.

24. Admit that a lead based paint hazard existed at the property between June 27, 2000 and March 1, 2003.

25. Admit that on September 10, 2002 you completed a lead inspection test on the property.

26. Admit that you were made aware of the results of the September 10, 2002 lead inspection test on the property.

27. Admit that the results of the September 10, 2002 lead inspection test evidenced the existence of lead-based paint hazards on the property.

28. Admit that you permitted Plaintiffs D.B. and T.B. to continue to reside at the property even after receiving the results of the September 10, 2002 lead inspection test.

29. Admit that you did not receive a "clearance inspection certificate" evidencing the correction of the lead based paint hazard at the property.

30. Admit that you never issued a Certificate of Lead-Based Paint Compliance for the property.

31. Admit that subsequent to issuing the October 17, 2002 correspondence entitled "Notice of Defect" you made no efforts to obtain a clearance inspection certificate for the property.

32. Admit that you did not impose or levy any fines on any individual, company, or organization between June 27, 2000 and March 1, 2003, for failure to correct the identified lead-based paint defect at the property.

33. Admit that your investigation(s) revealed that on numerous occasions between June 27, 2000 and March 1, 2003 Plaintiffs D.B. and T.B. were involuntarily exposed to substantial adult sex acts involving Defendant Annie Milloy.

34. Admit that Plaintiffs D.B. and T.B. were removed from the property and care of Defendant Annie Milloy solely as a result of your investigations regarding improper behavior by Defendant Annie Milloy.

35. Admit that the removal of Plaintiffs D.B. and T.B. from the property and care of Defendant Annie Milloy had nothing to do with their exposure to a lead based paint hazard.

36. Admit that you were responsible for the care and welfare of Plaintiffs D.B. and T.B. between June 27, 2000 and March 1, 2003.

37. Admit that between June 27, 2000 and March 1, 2003 you were responsible for ensuring that Plaintiffs D.B. and T.B. were provided with a reasonably safe environment in which to reside.

38. Admit that you failed to conduct a background check on Defendant Milloy prior to placing Plaintiff D.B. and T.B. in her care at the property.

39. Admit that between June 27, 2000 and March 1, 2000, the property failed to conform with the national standards for foster homes.

40. Admit that by having placed Plaintiffs D.B. and T.B. in the foster care of Defendant Milloy at the property you failed to take the reasonable and appropriate steps to protect their health and welfare.

41. Admit that by having maintained Plaintiffs D.B. and T.B in the foster care of Defendant Milloy between June 27, 2000 and March 1, 2003 you failed to take reasonable and appropriate steps to protect their health and welfare.

42. Admit that between June 27, 2000 and March 1, 2003 you failed to properly supervise your social workers at CSFA with respect to the proper care, time, and attention necessary to be provided to children in your foster care system.

43. Admit that between June 27, 2000 and March 1, 2003 you failed to properly instruct your social workers at CFSA with respect to the proper care, time, and attention necessary to be provided to children in your foster care system.

44. Admit that between June 27, 2000 and March 1, 2003 you failed to properly train your social workers at the CFSA with respect to the proper care, time, and attention necessary to be provided to children in their care.

45. Admit that between June 27, 2000 and March 1, 2003 you failed to provide the necessary and proper resources to your social workers at the CFSA in order to ensure that the proper care, time, and attention was provided to children in their care.

46. Admit that between June 27, 2000 and March 1, 2003 the property was not free from all health hazards.

47. Admit that Plaintiff D.B. and T.B.'s blood lead levels between June 27, 2000 and March 1, 2003 were of a magnitude indicative of constant exposure to environmental lead.

48. Admit that the longer a minor child is exposed to a lead based paint hazard the greater the risk of causing lasting health damage to the child.

49. Admit that you received funding in calendar years 2000, 2001, 2002, and 2003 from federal Adoption Assistance and Child Welfare Act of 1980 (codified at 42. U.S.C. §§670-679 and 42 U.S.C. §§620-627) that was allocated to CFSA.

50. Admit that you received funding in calendar years 2000, 2001, 2002, and 2003 from federal Adoption Assistance and Child Welfare Act of 1980 (codified at 42. U.S.C. §§670-679 and 42 U.S.C. §§620-627) that was allotted to DCRA.

51. Admit that you received funding in calendar years 2000, 2001, 2002, and 2003 under the federal Child Abuse Prevention and Treatment Act (codified at 42 U.S.C. §§5101-5106) that was allotted to CFSA.

52. Admit that you received funding in calendar years 2000, 2001, 2002, and 2003 under the federal Child Abuse Prevention and Treatment Act (codified at 42 U.S.C. §§5101-5106) that was allotted to DCRA.

Dated: July 11, 2008.

Respectfully submitted,

TAYLOR, SYLLA & AGIN, LLP

Marshall W. Taylor, No. 454615
Antoinette N. Moore, No. 974932
Taylor Sylla & Agin, LLP
1420 New York Avenue
Suite 810
Washington, DC 20005
Phone: (202) 783-7830
Email: mtaylor@tsafirm.com
Counsel for Plaintiffs

***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that a true copy of Plaintiff Felecia Taylor's Requests for Admission to Defendant District of Columbia were served via U.S. Mail, this 11th day of July, 2008, to:

Ronald W. Gill
Office of the Attorney General
441 4th Street, N.W., 6th Floor
Washington, D.C. 20001
Counsel for Defendants D.C., Golden, Jordan, and Sanders

Keith M. Bonner
Katherine B. Yoder
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036
Counsel for Defendant Thomas D. Walsh, Inc.

Marshall W. Taylor