UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
FELICIA TAYLOR, Individually, and as       :
legal guardian for minor children, D.B.    :
and T.B                                    :
                                           :
     Plaintiffs,   : Case No: 1:08-cv-00578 (HHK) (AK)
                                           :
  V.                             :
                                           :
                                           :
                                           :
DISTRICT OF COLUMBIA, et al.              :
                                           :
     Defendants   :
_____ :

**DEFENDANT DISTRICT OF COLUMBIA'S OPPOSTION TO PLAINTIFF'S MOTION FOR ADJUDICATION OF DEEMING ADMITTED PLAINTIFF'S REQUEST FOR ADMISSIONS**

  Defendant District of Columbia hereby opposes Plaintiff's Motion for Adjudication of Deeming Admitted Plaintiff's Request for Admissions.

  The District states that on Tuesday August 19, we served Plaintiff, via e-mail its response to Plaintiff's Request for Admissions. The District further acknowledges that its response, due on August 14, 2008, was three-days late (excluding Saturday August 16th and Sunday August 17th). The District further submits that its failure to timely file its response was due to excusable fault, and undersigned counsel has filed a motion for a three-day extension of time (nunc pro tunc) to file its responses.[1]

---

[1]  On August 13, 2008, the undersigned called plaintiff attorney, Marshall W. Taylor, Esq. requesting a short extension to respond to the Request for Admissions and Plaintiff's interrogatories. The undersigned was told by one of the firm's associates that only Mr. Taylor could make the decision to grant my request and that he would be out of the office until August 18, 2008. In turn, the undersigned left a voice message on Mr. Taylor's direct line explaining that we were encountering some difficulty obtaining information from our client agencies due to the complex nature of the case, and the fact that the summer vacation schedule was in full force. Additionally, the District advised Mr. Taylor of Defendant's concern that we have a Protective Order in place prior to releasing much of the requested information.
 On August 18th, 2008, undersigned counsel received a voice message from Mr. Taylor declining the request for a short extension. On August 19, 2008 the District served on plaintiff defendant's Responses to the Request for Admissions by electronic and regular mail.

Plaintiff's attorney argues that all of the facts and assertions included in the Requests for Admission should be deemed admitted because the District filed its responses to Plaintiffs Request for Admissions beyond the thirty-day (30) deadline established by Court Rules, citing _Baker v. Potter_ 212 F.R.D. 8 (D.D.C.,2002), and _Rainbolt v. Johnson,_ 669 F.2d 767, 768 (D.C. Cir. 1981).  Neither Rule 36 nor the _Baker_ or _Rainbolt_ decisions, demonstrate that it would be "legal error" to grant a three-day extension of time and decline to treat plaintiff's Request for Admissions as admitted.

_Rainbolt_ dealt with a set of facts in which the defendants never responded to the plaintiff's Request for Admissions and then sought to withdraw the requested admissions after a hearing before the Auditor-Master to whom the district judge had referred the case. _Id._ The D.C. Circuit found no support in Rule 36 or case law since the Rule's enactment for the notion that deemed admissions could be withdrawn "after the conclusion of trial." Id. at 769. Indeed, _Rainbolt_ has come to "stand for the proposition that there is no support for withdrawal of deemed admissions after the conclusion of a trial [because] it would result in prejudice to the opposing party." _Rabil v. Swafford,_ 128 F.R.D. 1, 3 (D.D.C. 1989); see also _Brook Vill. North Assocs. v. Gen. Elec. Co.,_ 686 F.2d 66, 73 (1st Cir. 1982) (emphasizing the pre-trial/trial distinction at the heart of _Rainbolt)._

Similarly, in _Baker_ approximately five weeks after discovery closed, the Defendant filed a motion for summary judgment, alleging that the plaintiff had failed to establish a *prima facie* case of discrimination.  The Plaintiff asserting that the facts establishing a *prima facie* case was deemed admitted when Defendant failed to respond to Plaintiff's previously served Request for Admission. Defendant subsequently filed a

motion for leave to withdraw all deemed admissions. See <u>Baker</u> at 4.

Rule 36 is not so "wooden" as to require that responses filed any time after the 30-day (or other court-ordered) deadline be discarded and that the Request for Admissions be deemed admitted. *See*, <u>Banks v. Office of Senate Sergeant-at-Arms and Doorkeeper,</u> 226 F.R.D. 113, 118 (D.D.C. 2005) ("[F]ederal courts have permitted a party to answer the requests after the 30-day deadline has passed."). Courts have "the power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired," and can, "in [their] discretion, permit what would otherwise be an untimely answer." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2257, at 541 (2d ed. 1994).

In deciding whether to exercise this discretion, courts generally apply a test identical to the one that Fed. R. Civ. P. 36(b) prescribes for withdrawal of admissions. *Id.* § 2257, at 543. An untimely response should be accepted under that test when doing so "will aid in the presentation of the merits of the action and will not prejudice the party who made the request." *Id.* This inquiry makes sense because allowing a party to file belated responses has the same effect as permitting that party to withdraw admissions already made on which an opposing party may already have come to rely. Here, the District missed the governing deadline for serving its responses by essentially three days. This minor delay is analogous to the situation, in which a party misses a filing deadline and seeks an extension of time after the deadline has passed. See Fed. R. Civ. P. 6(b).

Under such circumstances, the extension may be granted upon a showing of "excusable neglect." *Id.*; see <u>Yesudian ex rel. United States v. Howard Univ.,</u> 270 F.3d 969, 971 (D.C. Cir. 2002). Whether the opposing party will be prejudiced is one

factor in the excusable-neglect inquiry, and where a delay is "brief, and there is no suggestion that it had a material effect on the proceedings," the opposing party cannot have suffered any prejudice. *Id.* Here, the delay is very brief.

But even assuming that the more stringent test for withdrawing admissions under Rule 36(b) applies, Plaintiff's Request for Admissions should not be deemed admitted. Because Plaintiff's Request for Admissions encompass a broad cross-section of issues in this case, both disputed and undisputed, Plaintiff's reliance on *Baker*, is misguided insomuch as the Request for Admissions go to the core of Plaintiff's constitutional claim.

For example, Request for Admissions (17-45) essentially ask the District to admit, among other things, negligence, indifference, lack of care, and failure to act, train and supervise. These requests, if deemed admitted, would "effectively bar the District from presenting its case on its merits" by depriving it of the ability to contest many of the essential elements of Plaintiff's claim. *See Baker*. Plaintiff is equally not prejudiced by allowing the District to file its response three-days late. This case is in the early stages of discovery. Neither side has exchanged responses to Interrogatories, Request for Production of Documents, nor conducted depositions. *See id*. In sum, Plaintiff has proffered no evidence that they are prejudiced by the three day delay.

Because the District's late response will likely aid in the presentation of the merits of this case, and because declining to deem the Request for Admissions admitted will cause Plaintiff no prejudice, the Court should grant the District's motion for a three-day extension of time and rule its already served responses as timely. In fact, before the time had run to respond, the district requested an extension of time to reply. That request was timely.

Wherefore, the District respectfully requests that this Court deny in its entirety

Plaintiff's Motion for Adjudication of deeming Admitted Plaintiff's Request for Admissions against the District of Columbia.

Dated:  August 25, 2008

                                            Respectfully submitted,

                                            PETER J. NICKLES
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

 */s/Toni Michelle Jackson*
TONI MICHELLE JACKSON (453765)
Chief, General Litigation Section III

 */s/Ronald W. Gill, Esq.*
RONALD W. GILL, ESQ. (975414)
Assistant Attorney General
Civil Litigation Division, Section III
441 4th Street N.W., 6th floor South
Washington, D.C. 20001
Direct Line: (202) 741-0760
 E-mail: ronaldw.gill@dc.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of August, 2008, I caused the foregoing **OPPOSTION TO PLAINTIFF'S MOTION FOR ADJUDICATION OF DEEMING ADMITTED PLAINTIFF'S REQUEST FOR ADMISSIONS** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Marshall W. Taylor, Esq. (454615:
Antoinette N. Moore, Esq. (974932:
Taylor & Sylla & Agin, LLP.
The Commercial National Bank Building
1420 New York Avenue, NW
Suite 810
Washington, DC 20005


                                                /s/Ronald W. Gill
                                       RONALD W. GILL, ESQ (975414)
                                       Assistant Attorney General