UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELECIA TAYLOR**, *et al.* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | Case No: 1:08-CV-00578 (HHK)(AK) |
| v. ) | Next Event: Deadline to Join Parties |
| ) | 9/30/08 |
| **DISTRICT OF COLUMBIA**, *et al.* ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT
DISTRICT OF COLUMBIA'S MOTION FOR PROTECTIVE ORDER**

COMES NOW Plaintiff, TAYLOR, (hereinafter, "Plaintiff") by and through undersigned counsel, and pursuant to the Rules of this Court, and respectfully files its opposition to Defendant DISTRICT OF COLUMBIA's (hereinafter, "Defendant, D.C.") Motion for Protective Order, and in support thereof states the following:

On August 19, 2008, Defendant D.C. filed a Motion for Protective Order in response to Plaintiff's Interrogatories, Request for Production of Documents, and Requests for Admission.[1]

Although Plaintiffs have indicated to counsel for Defendant D.C., through email correspondences dated August 28, 2008 and September 2, 2008 that Plaintiffs are willing to enter into a Protective Order in this matter, counsel for Plaintiff has expressed in the aforementioned correspondence several issues with Defendant D.C.'s proposed Protective Order as written.

Plaintiffs' primary issue with Defendant D.C.'s proposed Protective Order is the repeated use of limiting language wherein the proposed Order identifies rights or obligations belonging to only a single party (i.e. Plaintiff or Defendant). However, this action involves multiple parties, and any protective order issued should justly apply equally to all parties involved, and to all

1

disclosed confidential information regardless of which party produces it.

As written, Defendant D.C.'s proposed Protective Order fails to provide for the likely probability that parties other than itself may possess confidential information, particularly relating to the minor plaintiffs. Similarly, Defendants proposed Protective Order, as written, fails to provide the same level of restrictions and/or requirements on itself as it does on Plaintiff. A more reasonable and fair result can be achieved by merely changing the limiting language used in Defendant D.C.'s proposed Protective Order throughout, from "Plaintiff" or "Defendant" to "any party., "a party," and/or "all parties" (as necessary) .

Additionally, the need for Paragraph 9 in Defendant D.C.'s proposed Protective Order is entirely unclear. Paragraph 9 states that "Plaintiff shall submit a list/matrix indicating what documents produced are protected by this Order."

In addition to setting for a requirement applicable only to Plaintiff rather than all parties, because Paragraph 3 already requires a party to stamp all documents it in good faith believes to contain confidential information as "confidential," the need for a "log or matrix" would seem superfluous. However, if such a log or matrix were determined to serve a necessary and/or useful purpose toward the protection of any document or record in this matter, certainly "all parties," including Defendant, D.C., should be required to produce such a log or matrix indicating which documents it claims are protected by this Order.

WHEREFORE, Defendants proposed Protective Order should be dismissed, and this Court is requested to enter the attached Protective Order proposed by Plaintiffs.

---

[1]   Plaintiff's discovery was served on Defendant D.C. on July 11, 2008.

Dated: September 2, 2008.                    Respectfully submitted,

**TAYLOR, SYLLA & AGIN, LLP**

/s/ Marshall W. Taylor
Marshall W. Taylor, #454615
Antoinette N. Moore, #974932
Taylor Sylla & Agin, LLP
The Commercial National Bank Building
1420 New York Avenue, NW
Suite 810
Washington, DC 20005
(202)783-7830
*Counsel for Plaintiffs*

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELECIA TAYLOR**, *et al*.               ) | |
| )    | |
| **Plaintiffs,**                                       ) | |
| )    | **Case No: 1:08-CV-00578 (HHK)(AK)** |
| v.                                                         ) | **Next Event: Deadline to Join Parties** |
| )    | **9/30/08** |
| **DISTRICT OF COLUMBIA**, *et al*.  ) | |
| )    | |
| **Defendants.**                                    ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT
<u>DISTRICT OF COLUMBIA'S MOTION FOR PROTECTIVE ORDER</u>**

1.   Fed. R. Civ. P. 26(c)

2.   The Record of this case

3.   The Court's inherent authority to control its own docket

Dated this 2nd day of September, 2008          Respectfully submitted,

**TAYLOR, SYLLA & AGIN, LLP**

<u>/s/ Marshall W. Taylor</u>
Marshall W. Taylor, #454615
Antoinette N. Moore, #974932
Taylor Sylla & Agin, LLP
The Commercial National Bank Building
1420 New York Avenue, NW
Suite 810
Washington, DC 20005
Phone: (202)783-7830
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a true and accurate copy of Plaintiff's Opposition to Defendant District of Columbia's Motion For Protective Order this 2nd day of September, 2008, via electronic filing, upon:

>Ronald W. Gill, No. 975414
>Assistant Attorney General
>Civil Litigation Division, Section III
>441 4th Street, N.W., 6th Floor
>Washington, D.C. 20001
>Counsel for Defendants D.C., Golden,
>Jordan, and Sanders


>Keith M. Bonner, No. 305938
>Katherine B. Yoder, No. 477980
>Bonner Kiernan Trebach & Crociata, LLP
>1233 20th Street, N.W., Suite 800
>Washington, D.C. 20036
>Counsel for Defendant Thomas D. Walsh, Inc.

>/s/ Marshall W. Taylor
>Marshall W. Taylor

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELECIA TAYLOR,** *et al.*  )<br> )<br>**Plaintiffs,**  )<br> )<br>v.  )<br> )<br>**DISTRICT OF COLUMBIA,** *et al.*  )<br> )<br>**Defendants.**  )<br>_____ ) | **Case No: 1:08-CV-00578 (HHK)(AK)**<br>**Next Event: Deadline to Join Parties**<br>**9/30/08** |

### PROTECTIVE ORDER

1.  For the purposes of this Order, "Confidential Information" shall mean any documents, evidence, testimony, materials or other information, whether written or oral, exchanged, revealed or presented in these proceedings, designated in good faith as "Confidential" by either party. Confidential Information shall include, the Child and Family Services Agency ("CFSA") records concerning plaintiff-minor, D.B., CFSA records of foster child T.B., foster parents Felecia Taylor and personnel files or information of any District employee, the home addresses and telephone numbers of employees of the defendant all information concerning specific, individual foster children and foster parents, and all health, medical, or educational records regarding Plaintiffs.

2.  Confidential Information supplied by the any party shall be reviewed only by the parties in this litigation, attorneys and their supervisors as well as secretaries, investigators, paralegals, interns, and any experts retained by the parties for purposes of this case. Confidential Information supplied by any party shall not be reviewed by or disclosed to any other persons not associated with this case, and shall not otherwise be disclosed in any way that is inconsistent with the terms of this Order.

3.  If any party believes that any pleading, exhibit, deposition transcript, document or other written material to be produced by that party contains Confidential Information, the party shall stamp that document containing such information as "Confidential." The inadvertent failure of a party to mark or designate information or testimony as Confidential at the time of its production or utterance shall not constitute a waiver of the protections provided herein, so long as said oversight is recognized and rectified in a reasonably timely manner.

4.  Nothing in this Protective Order waives or otherwise overrides a party's other legal objections including but not limited to privilege.

5. A party may challenge the designation of information produced during this action as "Confidential" by bringing the issue to the attention of the Court via telephone conference or a motion for an appropriate order, provided, however, that the receiving party must first make a good-faith attempt to resolve the dispute informally with the producing party.  A good faith effort must include ample notice, and an opportunity to review the subject issue, discuss it with the parties, and respond in writing if necessary to protect the record herein.  Unless and until the parties agree that information designated as "Confidential" is not entitled to the protections conferred by such designation, or, in the absence of agreement, the Court so rules, said information shall remain Confidential Information subject to this Protective Order.

6. Each party receiving Confidential Information will take steps to insure that disclosure is strictly limited to persons so authorized under this Protective Order in ¶ 2 above, and is maintained in a manner that prevents its use for purposes not authorized in this Protective Order.  All Confidential Information, whether contained in answers to interrogatories, documents, deposition transcripts or exhibits, pleadings, shall be kept in such a manner sufficient to protect the confidential nature of the information and such Confidential Information shall, at all times, be maintained in the utmost confidentiality.

7. Any pleading or other submission filed in this proceeding, which contains Confidential Information, shall be filed under seal, in paper form rather than electronically, and clearly marked as being filed under seal and as containing Confidential Information.

8. Each party receiving Confidential Information, shall be responsible for maintaining in a secure manner all copies of Confidential Information received by that party or its representatives, consultants, officers or employees, or otherwise provided by the other party.

9. Each party shall communicate the confidentiality requirements of this Protective Order to every person who is given access, pursuant to the terms of this Order, to Confidential Information produced by the other party.

10. In the event that any Confidential Information is used in any court proceeding in connection with this litigation, each party shall take all steps reasonably required to protect its confidentiality during such use, provided that the parties shall meet and confer to determine how the parties' interests can be best accommodated at trial.

11. Any party may seek remedial relief in Court for a breach or threatened breach of this Order in accordance with applicable law.

And it is by the Court this _____ day of September, 2008,

**SO ORDERED**:

_____
Magistrate Judge Alan Kay,

U.S. District Court Judge