UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELECIA TAYLOR**, *et al.* ) <br> ) <br> **Plaintiffs,** ) <br> ) Case No: 1:08-CV-00578 (HHK)(AK) <br> **v.** ) Next Event: Deadline to Join Parties <br> ) 9/30/08 <br> **DISTRICT OF COLUMBIA**, *et al.* ) <br> ) <br> **Defendants.** ) <br> _____) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S
MOTION TO ENLARGE THE TIME IN WHICH TO SERVE RESPONSES
TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, NUNC PRO TUNC**

On August 19, 2008, Defendant District of Columbia (hereinafter "Defendant D.C.") filed a Motion to Enlarge the Time In Which to Serve Responses to Plaintiff's First Set of Requests for Admissions, Nunc Pro Tunc. As further set forth herein and in Plaintiff's Motion for Adjudication Deeming Admitted Plaintiff's Request for Admissions to Defendant District of Columbia filed on August 20, 20008, and incorporated herein by reference, this Court should deny Defendant's Motion to Enlarge.

**I.   STATEMENT OF FACTS**

At 2:25 p.m. on Thursday August 14, 2008 counsel for Defendant D.C., Ronald Gill, left Plaintiff's counsel, Marshall Taylor, a recorded voicemail message at counsel's office, requesting an additional thirty (30) days in which to provide Defendant D.C.'s then due discovery responses, including, but not limited to, Defendant's responses to Plaintiff Felecia

Taylor's First Set of Requests for Admission.[1]

Because, as stated on Plaintiff counsel, Marshall Taylor's, outgoing voicemail messages, counsel was out of the office until August 18, 2008, Mr. Gill's message was not retrieved on the date it was left.

Despite receiving Plaintiff counsel's outgoing message, Defendant D.C.'s counsel's made no attempts to contact Plaintiff's Co-Counsel, Antoinette Moore, in order to request the desired last minute extension of time in which to respond to Plaintiff's Requests for Admission.

On Monday, August 18, 2008, upon his return to the office, Plaintiff's counsel, Marshall Taylor, returned Defendant D.C.'s counsel, Ronald Gill's, call and informed him that because he had failed to request an extension of time prior to the response deadline, Plaintiffs' counsel could not consent to the requested extension.

On August 19, 2008, simultaneously with its Motion for Protective Order, Defendant served Plaintiff with its Responses to Plaintiff's Request for Admissions. Because Defendant D.C. has failed to provide timely response to Plaintiff's Requests for Admission, Plaintiff's Requests for Admission should be deemed to have been admitted.

**II.   ARGUMENT**

    A.   <u>Defendant's Admissions of Fact Are Automatically Deemed Admitted</u>

"Matters contained in the requested admissions are automatically deemed admitted unless the party served with the requests objects within 30 days of service or within a period specified by the court or by mutual agreement of the parties." FED. R. CIV. P. 36(a); *Rainbolt v. Johnson*, 215 U.S. App. D.C. 381, 669 F.2d 767, 768 (D.C. Cir. 1981). Defendant argues that it "acted

---

[1] Counsel for Defendant has mistakenly alleged that this message was left on August 13, 2008; however, undersigned counsel maintains the recorded message verifying the date and time of the message as August 14, 2008

2

reasonably to meet [its] obligation under the [R]ules by requesting a short extension." *See* Defendant's Motion at p. 4. Unfortunately, merely requesting an extension from opposing counsel does not comport with the rules of this Court. Plaintiff was under no obligation to consent to a request for an extension and, in fact, did not consent to any extension. The duty to file responses within the time allowed by this Courts Rules belongs solely to Defendant D.C., and absent a Court Order extending Defendant's 30 day response deadline, Defendant's responses to Plaintiff's Requests for Admission in the current matter were due on August 14, 2008. If Defendant D.C.'s claim that it has "[met its] obligation" by calling only one of the two attorney's of record for Plaintiffs to request an extension on the day its responses were accepted, it would wholly obviate the rule.

Defendant D.C. admits that it should have filed its response to Plaintiff's Request for Admission when it had not received consent from counsel for Plaintiff, which presumably would have been upon hearing Plaintiff counsel's outgoing voicemail message indicating that he was out of the office. However, despite this acknowledgement, Defendant D.C. waited an additional 5 days before seeking leave from this Court. Because Defendant D.C. failed to either respond within 30 days of service or to have obtained a court order or consent by all parties, the "matters set forth in plaintiff's requests for admission are now 'conclusively established.'" *Baker v. Potter,* 212 F.R.D. 8, 12 (2002), citing Fed. R. Civ. P. 36(b), *Rainbolt v. Johnson,* 669 F.2d 767, 768 (D.C. Cir. 1981).

    B.    <u>Withdrawal of Defendants Admissions is Not Warranted</u>.

Plaintiff concedes that "the court may permit withdrawal or amendment of [any matter admitted] if it would promote the presentation of the merits of the action *and* if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on

---

at 2:25 p.m.

the merits." Fed. R. Civ. P. 36(b) *(emphasis added)*. However, the onus is on the defendant to establish that withdrawal is warranted. *Baker v. Potter,* 212 F.R.D. at 9. (stating "withdrawal is permissible if a party demonstrates that withdrawal will serve the presentation of the merits without prejudicing the party who requested the admissions.")

In its Motion, Defendant D.C. failed to address either prong of the Rule 36(b) test, and it has been well established that "*both* prongs of the test must be met to justify withdrawal" *Baker v. Potter,* 212 F.R.D. 8 (2002)(*emphasis added*). Instead, Defendant D.C. simply characterizes its failure to respond within the prescribed time limits as "excusable neglect." *See* Motion at 7. However, this argument, even if accepted, fails to satisfy the requirements of at least the first prong of the Rule 36(b) test.   Specifically, Plaintiff's action against Defendant D.C. arise solely out of violations of 42 U.S.C. § 1983. In order to establish liability in Section 1983 actions, Plaintiff must be able to establish that (1) Defendant acted under color of state law, and (2) Defendant D.C.'s actions deprived Plaintiff of some right, privilege, or immunity secured by the Constitution or federal law.  42 U.S.C. § 1983.

However, because Plaintiff's Requests for Admissions[2] do not resolve either of these issues conclusively, Defendant D.C.'s admission to these facts would not prohibit a trial on the merits in this case.

Specifically, although Plaintiff's Request for Admissions do seek confirmation that other named defendants were employed by the District of Columbia at the relevant times in the Complaint, they do not go so far as to establish that these defendants were "acting under color of state law" at the time of the alleged offenses, as required pursuant to 42. U.S.C. § 1983. Accordingly, this issue would still have to be established at trial. Similarly, Plaintiff's Requests

---

[2] Copies of Plaintiff's Requests for Admissions to Defendant D.C. were submitted as an attachment to Plaintiff's Motion filed August 20, 2008, incorporated herein by reference.

for Admission do not establish that Defendant D.C.'s actions "deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or federal law," which is also required in order to prevail under 42. U.S.C. § 1983.  Although some of Plaintiff's Requests for Admissions do ask Defendant D.C. to admit that it failed to take certain actions, they do not go so far as to establish that Plaintiffs had a Constitutional right violated by Defendant D.C.

Because, even with Defendant D.C.'s admissions, Plaintiff still must establish that Defendant D.C.'s action violated Section 1983 Defendant D.C. "cannot demonstrate that [its] admissions effectively bar, negate, or practically eliminate its case on its merits." *Baker v. Potter,* 212 F.R.D. at 14.

Given the foregoing, Defendant D.C. is wholly unable to meet the first prong of the Rule 36(b) test.  Having failed to do so, Defendant D.C.'s admissions must stand.

Dated this 2nd day of September, 2008       Respectfully submitted,

**TAYLOR, SYLLA & AGIN, LLP**

/s/ Marshall W. Taylor
Marshall W. Taylor, #454615
Antoinette N. Moore, #974932
Taylor Sylla & Agin, LLP
The Commercial National Bank Building
1420 New York Avenue, NW
Suite 810
Washington, DC 20005
(202)783-7830
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a true and accurate copy of Plaintiff's Opposition to Defendant District of Columbia's Motion to Enlarge the Time in Which to Serve Responses to Plaintiff's First Set of Requests for Admissions, Nunc Pro Tunc on this 2nd day of September, 2008, via electronic filing, upon:

>Ronald W. Gill, No. 975414
>Assistant Attorney General
>Civil Litigation Division, Section III
>441 4th Street, N.W., 6th Floor
>Washington, D.C. 20001
>Counsel for Defendants D.C., Golden,
>Jordan, and Sanders
>
>Keith M. Bonner, No. 305938
>Katherine B. Yoder, No. 477980
>Bonner Kiernan Trebach & Crociata, LLP
>1233 20th Street, N.W., Suite 800
>Washington, D.C. 20036
>Counsel for Defendant Thomas D. Walsh, Inc.

>/s/ Marshall W. Taylor
>Marshall W. Taylor

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELECIA TAYLOR,** *et al.*  )<br>)<br>**Plaintiffs,**  )<br>)<br>v.  )<br>)<br>**DISTRICT OF COLUMBIA,** *et al.*  )<br>)<br>**Defendants.**  )<br>_____) | **Case No: 1:08-CV-00578 (HHK)(AK)**<br>**Next Event: Deadline to Join Parties**<br>9/30/08 |

ORDER

Upon consideration of Defendant District of Columbia's Motion to Enlarge the Time In Which To Serve Responses to Plaintiff's First Set of Requests for Admission, Nunc Pro Tunc, and Plaintiff's Opposition thereto, and the record in this case, it is this ____, day of _____, 2008 hereby

**ORDERED** that Plaintiff's Motion is DENIED, and it is;

**FURTHER ORDERED** that Plaintiff's Request of Admissions are deemed admitted.


_____
Magistrate Judge Alan Kay
U.S. District Court Judge