UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELECIA TAYLOR, individually and as legal guardian of her minor children D.B. and T.B., <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | Civil Action 08-00578 (HHK) |

**MEMORANDUM OPINION**

Felecia Taylor, individually and on behalf of two children, D.B. and T.B., who are in her care, brings this action against the District of Columbia and a number of its employees ("District"), Annie Milloy, the children's former foster care provider ("Milloy"), and Lucille Hicks, one of the owners of the property where Milloy and the children lived before the children were removed.[1]  Taylor asserts claims against the District under 42 U.S.C. § 1983 alleging violations of D.B. and T.B.'s constitutional rights, and claims against Hicks asserting common-law tort causes of action.

Arguing that the court may not exercise supplemental jurisdiction over the common-law claims brought against her, Hicks moves to dismiss this suit (as against her) for lack of subject matter jurisdiction [#50].  Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion should be granted.

---

[1] The other defendant in this suit is Thomas D. Walsh, Inc., the management company for the property where Milloy and the children lived.

## I.  BACKGROUND

Pertinent to the instant motion, and according to Taylor's complaint, the circumstances giving rise to this suit are as follows.  In May 2000, the District removed D.B. and T.B. from the custody of their birth mother out of concern for their health and welfare.  The following month, they were placed into foster care with defendant Milloy.  While the children were living with Milloy, the District regularly tested their blood lead levels, which showed "sustained blood lead levels for 2-4 times the upper normal limits."  Second Am. Compl. ¶ 29.

In September 2002, the District conducted a lead inspection test that confirmed that there were lead-based paints in Milloy's residence.  The following month, Milloy and Hicks received a written "Notice of Defect" informing them that "lead-based paints [had] been identified on [the] property," and directing them to correct the lead-based paint hazard within 10 days of the notice. *Id*. ¶ 33.  Taylor alleges that D.B. and T.B. suffered injuries as a result of the failure of the owners and manager of the property to correct the lead hazard at Milloy's residence and the failure of the District to require compliance with the Notice of Defect.

Around March 2003, in response to allegations that D.B. and T.B. had been inappropriately exposed to sexual activity by Milloy and sexually assaulted while in her care, the District removed D.B. and T.B. from Milloy's care and placed them with Taylor, with whom they presently reside.  Taylor filed this suit in the Superior Court for the District of Columbia, and it was removed to this court based on the District's notice that this court has federal question jurisdiction.  Taylor's complaint asserts District of Columbia common-law claims of negligence, gross negligence, and breach of the implied warranty of habitability against Hicks ("state-law claims"), and causes of action based on 42 U.S.C. § 1983 against the District.

## II. ANALYSIS

Hicks moves to dismiss this case against her on the grounds that this court lacks subject matter jurisdiction. Hicks argues that this court cannot exercise supplemental jurisdiction over Taylor's state-law claims because the facts that give rise to these claims do not form part of the same case or controversy that gives rise to Taylor's federal claims. In the alternative, Hicks argues that if the court finds that it may exercise supplemental jurisdiction over the state-law claims, the court should nevertheless decline to exercise supplemental jurisdiction because the state-law claims substantially predominate over the federal claims. Because Hicks' first argument is correct, the court need not and does not address Hicks' alternative argument.[2]

Under the Judicial Improvements Act, a district court may exercise supplemental jurisdiction over state-law claims that are "so related to the [federal claims] they form part of the same case or controversy." 28 U.S.C. § 1367(a). In order for a federal claim and a state-law claim to form part of the "same case or controversy," the claims must derive from a "common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Claims

---

[2] In her opposition brief as well as during oral argument, Taylor argues for the first time that irrespective of the court's ability to exercise supplemental jurisdiction over her state-law claims against Hicks, the court nevertheless has diversity jurisdiction in this case. The court rejects this argument because, among other possible reasons, Taylor did not allege facts that establish diversity jurisdiction in her complaint. *See Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 163 (D.D.C. 2004) ("[T]he Court [will not] permit plaintiffs to supplement the . . . allegations in their complaint with additional assertions from their brief. It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal citation omitted). On May 12, 2009, following the oral argument, Taylor filed a "Notice of Filing," in which she states that "on May 4, 2009, Plaintiffs, D.B. and T.B. were adopted by Plaintiff Felecia Taylor, . . . , and accordingly are now, if not prior to their adoption, citizens of the state of Maryland . . . ." [#91]. Taylor's "Notice of Filing" does not affect the outcome of this motion because "[d]iversity of citizenship is assessed at the time the suit is filed." *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (2007) (*citing Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)).

derive from a "common nucleus of operative fact" only if the plaintiff would ordinarily be expected to try them all in one judicial proceeding. *Id*. If there is almost no factual or legal overlap between the state and federal claims, a common nucleus of operative fact does not exist. *Chelsea Condo. Unit Owners Ass'n v. 1815 A St., Condo. Group, LLC*, 468 F. Supp. 2d 136, 141 (D.D.C. 2007).

Hicks argues that a common nucleus of operative fact does not exist here because the claims against her and the claims against the other defendants require a "much different legal and factual analysis." Hicks' Mot. to Dismiss at 9. Hicks points out that claims against her stem solely from the presence of a lead-based paint hazard on the property that she owns with others. In contrast, the federal claims against the District involve (1) whether the District was deficient in its selection, training, supervision, and retention of social workers and foster care licensing agents, and (2) whether the District was negligent in placing the children with Milloy in the first place and then failing to remove them when the District became aware of the hazardous conditions in Milloy's household, to wit, the lead-based paint hazard and the exposure of the children to inappropriate sexual activity and sexual assault.

Taylor rejoins that the facts of the case warrant a determination that the court may exercise supplemental jurisdiction over the claims against Hicks. The case upon which Taylor primarily relies, *Morgan v. Barry,* 785 F. Supp. 187 (D.D.C. 1992), however, provides scant support for her position. In *Morgan*, the plaintiff sued District police officers under § 1983 and various common-law theories for wrongfully evicting her from her home. *Id*. at 189. In denying the defendants' motion to dismiss the common-law tort claims for lack of subject matter jurisdiction, the court found the exercise of supplemental jurisdiction appropriate because the

plaintiff's common-law claims and § 1983 claims both arose from "one set of events"—specifically, the dispossession and eviction of the plaintiff. *Id.* at 192. Taylor argues that similar to the facts in *Morgan*, a common nucleus of operative fact exists in the case at bar because both the federal claims and state-law claims stem from one event: the existence of a hazardous environment at the property that resulted in injuries to D.B. and T.B.

Taylor's characterization of the facts that give rise to both the state-law claims and the federal claims as a single set of events as in *Morgan* fails. There is little doubt that Taylor's § 1983 claims and state-law claims both derive from the existence of a lead-based paint hazard at the property. This, however, is the extent of the commonalities between the state-law claims raised against Hicks and the § 1983 claims raised against the District. The events that trigger liability for Hicks and for the District are completely separate: Hicks' liability stems from an alleged failure to remedy the lead-based paint hazard, whereas the District's liability stems from its alleged failure to compel Hicks to remedy the lead-based paint hazard, or more generally, to keep D.B. and T.B. safe from harm. Taylor's state-law claims against Hicks involve facts such as whether Hicks knew about the lead-based paint hazard, and whether she, as an owner (but not the manager) of the property, had a duty to remedy the lead-based paint hazard, and if so, what steps she took to remedy the hazard. In contrast, Taylor's claims against the District depend on facts that will show whether the District knew of the lead-based paint hazard, and whether the duty of care owed to D.B. and T.B. required the District to compel the manager and owners of the property, including Hicks, to remedy the lead-based paint hazard or take other actions to keep D.B. and T.B. from being exposed to the lead-based paint hazard.

Although Taylor's federal and state-law claims generally relate to the presence of a lead-

based paint hazard, the facts necessary to prove that the District breached a duty of care to D.B. and T.B. would provide little insight into whether Hicks unlawfully failed to remedy the lead-based paint hazard. *See Singh v. George Washington Univ.*, 368 F. Supp. 2d 58, 72 (D.D.C. 2005) (court lacked supplemental jurisdiction over a state defamation claim because the facts needed to prove the defamation claim would provide no insight into the facts needed to prove the federal discrimination claim), *rev'd on other grounds*, 508 F.3d 1097 (D.C. Cir. 2007). Accordingly, the state and federal claims here do not derive from a common nucleus of operative fact and the court concludes that it should not exercise supplemental jurisdiction over the state-law claims alleged against Hicks.[3]

### III. CONCLUSION

For the foregoing reasons, Hicks' motion to dismiss [#50] is granted. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.
United States District Judge

---

[3] Hicks also argues that a common nucleus of operative fact does not exist because the *entire* set of facts related to Taylor's federal claims are not *all* relevant to the state-law claims, and because no federal claims are alleged against her. The court concludes that these arguments lack merit. First, Hicks' interpretation of a "common nucleus of operative fact" improperly constricts the analysis for exercising supplemental jurisdiction. State-law claims and federal claims need not derive from the exact same set of facts in order for a court to exercise supplemental jurisdiction. *See FTC v. Mylan Labs., Inc.*, 62 F. Supp. 2d 25, 49 (D.D.C. 1999) ("supplemental jurisdiction is warranted because the facts underlying the federal and state claims are similar enough to create a common nucleus of operative facts") (internal quotations omitted). Second, whether federal claims are alleged against Hicks is of no consequence because the statutory requirements for exercising supplemental jurisdiction are the same for parties that are sued for both state and federal claims and those that are sued only for state-law claims. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) ("[Section] 1367(a) is a broad jurisdictional grant, with no distinction drawn between pendent-claim and pendent-party cases.").