UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELICIA TAYLOR, individually and as legal guardian for her minor children, D.B. and T.B.,

          Plaintiff,

v.

DISTRICT OF COLUMBIA, et al.,

          Defendants.

Civil Action 08-00578 (HHK)

MEMORANDUM OPINION

Felicia Taylor, individually and on behalf of D.B. and T.B., two children who are in her care, brings this action against the District of Columbia and a number of its employees (collectively "District"), Annie Milloy, the children's former foster care provider, and Thomas D. Walsh, Inc. ("Walsh"), the management company for the property where Milloy and the children lived.[1] Taylor asserts claims against the District under 42 U.S.C. § 1983 alleging violations of D.B. and T.B.'s constitutional rights, and claims against Walsh asserting common-law tort causes of action. Before the Court is Walsh's "Renewed Motion to Dismiss" [#126]. Walsh seeks a dismissal of Taylor's common-law claims as against it for lack of subject matter jurisdiction, arguing that the Court may not exercise supplemental jurisdiction over the claims.[2]

---

[1] Taylor also named Lucille Hicks, one of the owners of the property where Milloy and the children lived, as a defendant in her complaint, but, as discussed *infra*, the Court dismissed Hicks as a defendant. *See Taylor v. District of Columbia*, 626 F. Supp. 2d 25, 29 (2009).

[2] Walsh also seeks a "dismissal of all Lead Paint Claims against served District of Columbia Defendants . . . . so that all Lead Paint Claims will be dismissed by this Court and can proceed instead in Superior Court pursuant to Plaintiff's Serptember16 2009, Complaint in that court." Def.'s Mot. at 1. Aside from the question of whether Walsh has standing to seek such a

Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion should be granted.

## I.

Pertinent to the instant motion, and according to Taylor's complaint, the circumstances giving rise to this suit are as follows. In May 2000, the District removed D.B. and T.B. from the custody of their birth mother out of concern for their health and welfare and placed them into foster care with Milloy. Milloy resided in a home owned by Lucille Hicks and managed by Walsh. While the children were living on the property, the District regularly tested their blood lead levels, which showed "sustained blood lead levels for 2-4 times the upper normal limits." Second Am. Compl. ¶ 29.[3]

In September 2002, the District conducted a lead inspection test, which confirmed that there were lead-based paints in Milloy's residence. The following month, Milloy and Hicks received a written "Notice of Defect" from the District informing them that "lead-based paints [had] been identified on [the] property" and directing them to correct the lead-based paint hazard

---

dismissal, Walsh does not cite any authority in support of its position. The Court thus declines to address it.

[3] Magistrate Judge Alan Kay granted in part Taylor's motion for leave to amend her second amended complaint. The amendments to Taylor's second amended complaint are not relevant to issues raised by the instant motion. Taylor argues that diversity jurisdiction exists because Judge Kay permitted Taylor to amend her second amended complaint to indicate that T.B. and D.B. are now citizens and residents of the state of Maryland. Because Walsh is a citizen of the District of Columbia, Taylor asserts that this Court has diversity jurisdiction over her claims against Walsh. Taylor's position cannot be sustained. As Magistrate Judge Kay stated in his August 13, 2009 memorandum order, "the updated citizenship does not change the fact that diversity jurisdiction does not exist in this suit because (1) Plaintiffs did not assert facts establishing diversity jurisdiction in their initial complaint and (2) courts assess diversity of citizenship at the time of filing." Mem. Order at 5 (citing *Taylor*, 626 F. Supp. 2d at 28 n.2).

within 10 days of the notice. *Id*. ¶ 33. Taylor alleges that D.B. and T.B. suffered injuries as a result of the failure of Hicks and Walsh to correct the lead hazard at Milloy's residence and the failure of the District to require compliance with the Notice of Defect.

Around March 2003, in response to allegations that D.B. and T.B. had been inappropriately exposed to sexual activity by Milloy and sexually assaulted while in her care, the District removed D.B. and T.B. from Milloy's care and placed them with Taylor, with whom they presently reside. Taylor filed this suit in the Superior Court for the District of Columbia, and it was removed to this Court based on the District's notice that this Court has federal question jurisdiction. Taylor's complaint asserts District of Columbia common-law claims of negligence, gross negligence, and breach of the implied warranty of habitability against Hicks and Walsh ("state-law claims"), and causes of action based on 42 U.S.C. § 1983 against the District.

Hicks filed a motion to dismiss for lack of subject matter jurisdiction on February 3, 2009, which the Court subsequently granted. The Court reasoned that Taylor's state and federal claims did not arise from a common nucleus of operative fact and concluded that it should not exercise supplemental jurisdiction. *Taylor v. District of Columbia*, 626 F. Supp. 2d 25 (2009). Walsh then filed a Motion to Dismiss that adopted and incorporated by reference Hicks' motion to dismiss, which the Court denied without prejudice. Walsh's renewed motion to dismiss is currently before the Court.

## II.

The Court agrees with Walsh that the rationale set forth by the Court in its June 17, 2009 memorandum opinion for dismissing the case against Hicks applies with equal force for

dismissing the case against Walsh.  This Court is unable to exercise supplemental jurisdiction of Taylor's state-law claims against Walsh because "the state and federal claims here do not derive from a common nucleus of operative fact." *Taylor*, 626 F. Supp. 2d at 29.  "[T]he facts necessary to prove that the District breached a duty of care to D.B. and T.B. would provide little insight into whether [Walsh] unlawfully failed to remedy the lead-based hazard." *Id.* (citing *Singh v. George Washington Univ.*, 368 F. Supp. 2d 58, 72 (D.D.C. 2005)).  The Court observes further that, in opposing Walsh's motion, Taylor does not add any new pertinent argument that was not already considered and rejected by the Court when it dismissed Taylor's claims against Hicks.[3]

### III.

For the foregoing reasons, Walsh's "Renewed Motion to Dismiss" [#126] is granted.  An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.<br>
United States District Judge

---

[3] In opposing Walsh's motion, Taylor primarily relies on *Morgan v. Barry*, 785 F. Supp. 187 (D.D.C. 1992), a case that she previously relied on in opposing Hicks' motion to dismiss.  In granting Hicks' motion, this Court stated that *Morgan* "provides scant support for [Taylor's] position." *Taylor*, 626 F. Supp. 2d at 29.